The judge charged the jury, among other things, that if the larceny had been recently committed, and the fruits of the crime (that is the stolen property) are found upon the prisoner, the law raises the presumption that he was the guilty party. To this part of the charge the counsel for the plaintiff in error excepted. The counsel for the accused insists that this is to be construed as an instruction to the jury that, from proof that property had been stolen, and recently thereafter been found in the possession of the accused, which possession was unexplained by him, it was a presumption of law that such property had been feloniously stolen by him. If this be the true construction of the charge it was erroneous, and a new trial should be awarded, unless the error was obviated in other parts of the charge. Under the charge so construed, all that was left for the jury to determine was, whether the money had been stolen, and if so, whether recently thereafter it was found in the possession of the accused; in which case they were to convict, unless he had shown that he acquired such possession innocently.
The distinction between a presumption of law and of fact is, that the former is to be declared and applied by the court in all cases where the facts raising it are established; and the latter is a question for the determination of the jury, who are to exercise their judgment in the particular case and find the fact, if satisfied of its truth; or if not so satisfied, refuse to find it. It is obvious that a party cannot, as a matter of law, be adjudged guilty of larceny upon proof that property has been stolen and recently thereafter found in his possession, in the absence of any explanation. Such proof shows a strong probability of guilt; but it is for the jury to determine its force, after due consideration of the kind of property, the length of time that may have elapsed between the taking and *Page 318 
finding it in the possession of the accused and the probability from the character of the property and other circumstances of the case, that the accused, if innocent, could show how he acquired possession. The latter, in regard to some property, could nearly always be shown by an innocent person, while it might be impossible for one receiving money from numerous persons, to show how he came in possession of a bank bill. In many cases judges have instructed juries that such proof was sufficient to convict. This is correct, with the addition that, if it convinced them of the guilt of the party, which would ordinarily be implied from the direction. In other cases, jurors have been instructed that this proof cast upon the accused the burden of showing how he acquired possession, and if he failed to satisfy them that he did so innocently, it was their duty to convict. Such instructions are erroneous. It is for the prosecution to prove the commission of the crime charged by the accused, and the burden of doing so continues during the entire trial. When proof authorizing a conviction, if unrebutted or not explained, has been introduced, it is for the jury to determine whether it satisfies them of his guilt, as matter of fact, and not for the court, as matter of law, to direct them that it is sufficient, and that they must convict.
In State v. Hodge (50 N.H., 510) the question whether possession of stolen property recently after the commission of the offence, created a presumption of law of the guilt of the possessor, or whether it was still a question of fact to be determined by the jury, was thoroughly examined and the authorities exhaustively reviewed. It was held that it was, under all circumstances, a question of fact, for the determination of the jury. It was so held by the courts of criminal appeal of England in Reg. v. Langmead (9 Cox's Crim. Law Cases, 465). This is the correct rule, as shown by the best considered cases, and deduced from principle. But the inquiry remains, whether it was violated by the part of the charge excepted to. This was addressed to the jury. They were told that the law raised a presumption from the proof, *Page 319 
but were not told that it was their duty to convict upon finding that the accused was found in possession of the property shortly after it was taken. The jury did not understand from the charge, that they were relieved from passing upon the entire question of guilt, as one of fact; and had the charge contained nothing further upon the point, the jury could hardly have been misled. But, be this as it may, the jury were afterward directed to consider the question as one of fact; not only upon this but other proof in the case. This obviated the error if one had been committed.
The court further charged that good character always is in favor of the prisoner against whom the proof is purely circumstantial. When there is direct evidence of the commission of a crime by a prisoner, then, good character goes for naught; when the proof is circumstantial, proof of good character is a matter to be taken into consideration, and is to have a very favorable influence upon the mind of the jury. The counsel for the prisoner excepted to the portion of the charge that, when there is direct evidence of a crime good character goes for naught. This exception was well taken, had there been any such evidence in the case; but there was none. Good character of the accused is to be considered by the jury upon the question of the credibility of direct evidence of his guilt, the same as upon proof of circumstances tending to show it, or the inferences to be drawn from such circumstances. (Remsen v. The People,43 N Y, 6.) The court, afterward, charged the jury that they were bound to consider the whole evidence; that the evidence of good character was to be considered, and the accused was to have the benefit of it. This was the direction by which the jury were to govern themselves in their deliberations in the case under consideration. They were explicitly told that they must consider and give the accused the benefit of the evidence of his good character in this case. This was entirely correct, and would have obviated the previous error, had one been committed; but, whether so or not, is not involved in the case. *Page 320 
The court, in substance, charged the jury that they were at liberty to consider, as a circumstance, the failure of the accused, while a witness, to give any account as to where the money found upon him had been kept in the interval from the time he claimed to have received it until it was so found. To this portion of the charge his counsel excepted. This raises the question as to the construction of section 1 of chapter 678 of Laws of 1869 (vol. 2, 1597). That section, among other things, provides that upon the trial of all indictments charging a criminal offence, the person charged shall, at his own request, but not otherwise, be deemed a competent witness, but that the neglect or refusal of any such person to testify shall not create any presumption against him. The general rule is that, when it appears that a party charged with the commission of crime has the power, if innocent, to explain a fact or circumstance tending to show his guilt, fails to give such explanation, such failure may be considered as a circumstance against him. In the present case, the question is whether his failure to give any explanation of such a fact or circumstance, which he could do if innocent, when testifying in his own favor, he having requested to become a witness, comes within this general rule. The argument in behalf of the accused is, that he cannot be made a witness at all except by his own request, and that his failure to be a witness shall not create any presumption against him, and that if he requests to be a witness and becomes such he need give testimony only as to such parts of his case as he may choose; and as to other parts as to which he does not request or desire to give testimony, no presumption can be created against him for his failure to testify. In this construction I cannot concur. True, it is at the option of the accused whether or not to become a witness. When he has exercised this and become a witness he is made competent for all purposes in the case; if by his own testimony he can explain and rebut a fact tending to show his guilt, if innocent, and he fails to do so, the same presumption arises from his failure that would arise from a failure to give the explanation by another witness, if *Page 321 
in his power so to give it. The reason for the presumption is alike in both cases. It arises from the known desire of parties to repel or explain accusatory evidence against them, if in their power; and the basis of the presumption is that the case shows that it is in their power if innocent. Hence a failure tends to show an absence of innocence. There is no foundation for the argument of counsel that the accused was surprised by the application of the rule to his case. It had been proved by the prosecution that the accused said that he could not give an account as to where the money was kept.
The judgment must be affirmed.
JOHNSON and RAPALLO, JJ., concur; FOLGER, J., concurs in result; CHURCH, Ch. J., and ANDREWS, J., dissent.