## Supreme Court—General Term—Second Department.

*December,* 1884.

## PEOPLE *v.* WHITE.

EVIDENCE OF ANOTHER OFFENSE.—PRESUMPTION OF INNOCENCE.

To impeach defendant sworn as a witness in his own behalf, it was proven that he had continued in criminal courses from his youth, and that he had been twice in state prison for crime. A witness for the prosecution was also allowed to testify that in a conversation with the prisoner, in which he denied his guilt of the crime charged, he stated that he had in some way cheated a certain man and slit a piece of his nose off.

*Held,* error; that the testimony of this witness had no place in the trial; that it was calculated to prejudice defendant, and did not tend to show him guilty of the crime charged.

The burglary for which defendant was indicted, was alleged to have been committed in November, 1883, and it was charged that he then took six blankets from the premises in question. A witness for the prosecution was allowed to testify that she saw defendant take six quilts

from the premises in October, 1883. This was followed by proof tending to show loss of quilts at that time.

*Held,* error; that the prisoner could be tried for only one charge.

The court charged the jury in substance, that upon proof that property has been stolen, and recently thereafter has been found in the possession of the accused, which possession is unexplained, a presumption arises that such property was feloniously taken by him. *Held,* error.

APPEAL from a judgment of the Court of Sessions of West-chester County, May, 1884, Hon. ISAAC N. MILLS, County Judge, presiding, convicting defendant William A. White of the crime of burglary in the third degree.

The facts appear in the opinions.

*J. F. Brennan,* for the prisoner, appellant.

*Nelson H. Baker,* district attorney, for the people, respondent.

BARNARD, P. J.—The burglary was alleged to have been committed in Yonkers on November 18, 1883. There was no direct proof of the breaking by the defendant, although a breaking was proven, and it was claimed that six blankets were taken from the store which was broken into, and proof was given tending to show that these blankets were found in the possession of the defendant in December, 1883. The proof was not strong as to the identity of the goods. They were like those stolen, but there was no mark to distinguish them from similar goods in general use.

The defendant was proven to have commenced criminal courses young, and to have continued in his bad way of life. He had been twice to State prison for crime. These facts were fully proven by way of impeachment of the defendant, who testified in his own behalf on the trial. Notwithstanding this, he had a right to be tried for this particular crime.

It was proven by a witness for the people that upon an occasion in which a conversation was had with the defendant, wherein he denied his guilt of the crime charged, he had stated

that he had in some way cheated a man up the river and had slit a piece of his nose off. This evidence had no place in this trial. It was calculated to prejudice the accused on the trial, and did not tend to show him guilty of the crime charged. Coleman v. People, 55 *N. Y.* 81. Again, one Lizzie Mahar was called as a witness for the people, who manifestly was on ill terms with the defendant, who was her stepfather. The case shows that she was examined as follows : " Q. Did you ever see defendant take anything from that store ? Objected to ; overruled ; exception. A. I saw him come in the back way once with six quilts. Q. When was that ? Objected to ; overruled ; exception. A. October, 1883." Further proof was given by the people tending to show a loss of quilts in October, 1883, which was not fully made out. The allegation of the people, and proven by the evidence, was that the stoop of the defendant, Stone, was adjoining the rear of the premises broken into.

The prisoner can be tried only for one charge, and it was error to admit proof of another. Coleman v. People, *supra.*

The court charged the jury as follows : " There is a principle of law which has been well settled. It is this : that when property has been stolen, if that property be found shortly thereafter in the possession of any one, the presumption of law is that that person committed the theft—stole the property. The presumption of law is that if any other crime was committed as an incident or part of the transaction of stealing that property, the person who is found in possession also committed that other crime which was a part of the transaction of taking the property ; but this is merely a presumption, and the legal import and meaning of this is that it casts upon the prisoner in whose possession the goods are found the duty of explaining where and how he obtained the property." The rule as laid down by the Court of Appeals in Stover v. People, 56 *N. Y.* 315, is as follows : " When proof authorizing a conviction if unrebutted or unexplained has been introduced it is for the jury to determine whether it satisfies them of his guilt as matter of fact." The court further say in that case, that if the jury are instructed " that from proof that property has been stolen and recently thereafter been found in the possession of the accused, which possession was unexplained by him, it was a

presumption of law that such property had been feloniously. stolen by him," it was erroneous.

The conviction and judgment should be reversed, and a new trial granted.

DYKMAN, J.—[Concurring.]—The defendant has been convicted of the crime of burglary in the third degree and has appealed from the judgment. We are called on, therefore, to ascertain whether his conviction is in accordance with the legal and orderly administration of the criminal law.

As we open the record for examination in the performance of our duty, we find the defendant charged in the indictment with a felonious entry into a building, at a time and place specified, with intent to commit some crime; and we assume that he was placed on trial for the offense so charged, and we know that by no law prevalent in this State could he be tried under that indictment for another offense.

It appears from the record that the property taken from the building at the time of the burglarious entry charged in the indictment, consisted of blankets, and yet we find that the public prosecutor was permitted to introduce testimony, over the objection and exception of the defendant's counsel, respecting a larceny of quilts from the same place at another time, and also in respect to shooting at a man and the commission of the crime of mayhem by the defendant.

This testimony is a plain violation of the general rule against the introduction of evidence to prove another offense. There are cases where guilty knowledge is an essential ingredient of the crime, in which such testimony may sometimes be introduced, but they constitute an exception to the general rule of evidence and this is not a case of that character.

It is a prosecution for burglary, a crime depending on its own facts and features, and no testimony can be received on the trial respecting the commission of another crime.

If ever a case was presented where care was requisite to prevent the conviction of a defendant of one crime on proof of another, it is this. The proof to establish the main charge consisted of very imperfect and unsatisfactory identification of the blankets alleged to have been stolen, and the defendant was entitled to all the doubt left by the testimony, unprejudiced by

inadmissible damaging evidence.   Instead of that, he was confronted with proof of other distinct crimes which he could not answer because he had no notification of its production and which may have been very persuasive with the jury.

At the commencement of all criminal prosecutions the accused person starts with the presumption of his innocence, and his guilt is to be established by proof of his commission of the crime charged against him.   If such proof cannot be adduced, then he continues innocent in the eye of the law, and must depart unpunished.

An innocent man will find small consolation in the trial by jury, if he is liable to be confronted on his trial by proof of offenses not charged in the indictment, and which he cannot answer or disprove for want of such notice.

The criminal law is best administered by a close adherence to the rules of procedure found essential and salutary by experience and established by the wisdom of ages.

The conviction should be reversed, and a new trial granted.

PRATT, J., concurs.