---

PEOPLE *v.* RICKER *et al.*

*(Supreme Court, General Term, Second Department.* February 11, 1889.)

1. CRIMINAL LAW—EVIDENCE—CONTRADICTION OF FORMER TESTIMONY.
   Where a witness called by the people states that what he testified before the grand jury was untrue, the people may cross-examine him as to the details of his testimony before the grand jury, and may show to the court the grand jury's minutes, to show that the witness is an unwilling one.

2. SAME—WHO ARE ACCOMPLICES.
   On a trial of several defendants for burglary and larceny of a quantity of shoes, the people's principal witness testified that defendants came into the room where he was early in the morning of the night of the burglary; that he went with them to a certain street corner, where were some other men in charge of 60 pairs of shoes; that he was told these shoes came from Shearer's Hall, (the premises burglarized;) and that he assisted in putting the shoes in a cellar. *Held* no evidence that the witness was an accomplice, so as to require his evidence to be corroborated. DYKMAN, J., dissenting.

Appeal from court of sessions, Queens county.

Appellants, Thomas Ricker, Richard Ricker, and Matthew O'Neil, were convicted of burglary and larceny of a quantity of shoes.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Benjamin W. Downing,* for appellants. *John Fleming,* for the People.

BARNARD, P. J. The evidence shows that one Michael Holzer, of Long Island City, securely closed his shoe store on the night of Saturday the 13th of November. On Monday morning the door showed evidence of having been broken in, and a large portion of the shoes was gone. The shoes were subsequently in part found in a pawn-shop in Long Island City. The three defendants were convicted of the crime, and this appeal presents the record of the trial. The proof of the burglary and larceny is not questioned, but certain errors are assigned as calling for a reversal, and it is also urged that there was an insufficiency of evidence to authorize a conviction. The first error arises, as is claimed, under the following circumstances: One John Boyle had been a witness before the grand jury, and had testified against the other defendants. He was called again by the people on the trial, and then testified that what he had said before the grand jury was untrue. The people were manifestly taken by surprise, and questioned him particularly as to the

details of his evidence before the grand jury, all of which he denied. The counsel for the accused objected to this examination of the people's witness by the district attorney, and the minutes of the grand jury were handed to the judge to show him that the witness was an unwilling witness. The examination then stopped. The minutes were not needed to show that the witness was testifying falsely on the trial, or had done so before the grand jury. The examination went no further than was justifiable, under the circumstances. *Bullard* v. *Pearsall*, 53 N. Y. 230.

The next error is one of proof. The people called a witness, one John Kelley. He testified that the three convicted defendants were all at a room in Long Island City on the Saturday night the store was robbed; that he (Kelley) lay down and went to sleep; that when he woke up two of the appellants, Thomas Ricker and Matthew O'Neil, came in. This was about three o'clock Sunday morning. Kelley then went with them, and on the corner of Jackson avenue and Tenth street they found Thomas Ricker, O'Neil, and Boyle, and they had about 60 pairs of shoes. All these persons assisted in putting the shoes in the cellar of one O'Dowd. During the day, while all the parties were together, they said the shoes came from Shearer's Hall, which is the building where the Holzer store was. The evidence does not show that Kelley was an accomplice in thê crime. He was not present at its commission; did not organize or take part in it, further than to help the defendants conceal the property after the burglary, and even then he knew of nothing criminal in its acquisition. It was subsequently that they told him that it was taken from Shearer's Hall, (Holzer's.) There may well be doubt whether he was as innocent as he claims, but there was no proof of his being an accomplice. It was a question for the jury to determine. If he was not an accomplice, the corroboration was not necessary. It was only a question of credibility of the witness, which is also a question for the jury. Under the rules governing the trial of issues, there was no error committed on the trial, either by the court or jury, and the conviction should therefore be affirmed.

PRATT, J., concurs.

DYKMAN, J., (*dissenting.*) These three defendants were indicted with two others by grand jury of Queens county for burglary in the third degree, committed by breaking into the store of one Michael Holzer, and stealing a quantity of ready-made shoes, and also for larceny in the second degree. They were tried together upon the indictment, and the first witness called for the people was John Boyle, who was in confinement under an indictment for the same crime charged upon these defendants. He was a witness before the grand jury when the bill of indictment against the defendants was found, and he there gave evidence against them, but in his testimony upon the trial he disavowed the same and said it was all false, and given under the dictation and coercion of the police officer when he was under arrest. He furnished no evidence against these defendants. The next witness called by the public prosecutor was John Kelley, who was also charged with complicity in the same crime with the defendants. He gave testimony sufficient to connect the defendants with the commission of the offense charged against them, if unrestricted force and effect is to be allowed to his evidence. Then some officers were examined, who found some of the shoes in pawn-shops, and the complainant was examined to prove the felonious entry into his store and the loss of his shoes. None of the pawn-brokers were examined, and the testimony of Kelley was left entirely uncorroborated. The defendants were found guilty by the jury under both counts in the indictment, and a motion for a new trial was denied, and they were all sentenced to imprisonment. The case is brought here on an appeal from the judgment of conviction, and from the order denying the motion for a new trial. We think the conviction of

these defendants was secured erroneously, and contrary to the well-settled principles which prevail in the administration of the criminal law. "A conviction cannot be had upon the testimony of an accomplice, unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the crime, (Code Crim. Proc. § 399;) and the corroborative evidence required by this law must be evidence from an independent source of some material fact tending to show the commission of the crime, and the connection of the defendant therewith, (*People* v. *Hooghkerk*, 96 N. Y. 149.) While there is no form or manner prescribed for the production of the confirmatory evidence required by the statute in question, yet it must appear in some way. It may arise from circumstances, or it may come from legitimate inferences from established facts, but in some way or from some source there must be evidence tending to connect the accused persons with the commission of the crime, so that the conviction will not rest entirely upon the evidence of the accomplice. *People* v. *Everhardt*, 104 N. Y. 591, 11 N. E. Rep. 62. The conviction of these defendants upon the uncorroborated testimony of an accomplice was violative of the statute, and the new rule established thereby, and the conviction and judgment should be reversed, and a new trial granted.