## PEOPLE v. LONGEBODI.

(Supreme Court, Appellate Division, Second Department.   January 28, 1913.)

1. ASSAULT AND BATTERY (§ 91*)—ASSAULT IN SECOND DEGREE—EVIDENCE—
   SUFFICIENCY.
   Evidence *held* to support a conviction of assault in the second degree.
   [Ed. Note.—For other cases, see Assault and Battery, Cent. Dig. § 136;
   Dec. Dig. § 91.*]

2. ASSAULT AND BATTERY (§ 82*)—PRESUMPTION OF GUILT—FAILURE OF AC-
   CUSED TO DENY.
   The failure of accused, testifying in his own behalf on his trial for
   assault by cutting complainant with a razor, to deny that he had a razor
   at the time, or that he cut complainant, raised of itself a strong presump-
   tion of guilt.
   [Ed. Note.—For other cases, see Assault and Battery, Cent. Dig. § 127;
   Dec. Dig. § 82.*]

3. WITNESSES (§ 390*)—IMPEACHMENT—PROOF OF CONTRADICTORY STATEMENTS.
   Where an officer, called as a witness for accused on trial for assault,
   testified that complainant had told him in the station house that he did
   not know who assaulted him, that the only other information he obtained
   was a telephone communication from Assistant District Attorney W.,
   and that he had a telephone conversation, but did not know whether it
   was with Assistant District Attorney W. or Assistant District Attorney
   F., the testimony of Assistant District Attorney F. that he called up the
   officer at the police station, and was told that he was talking with the
   officer, and that the latter told him he was looking for accused, and that
   he thought it was a case of self-defense, as accused was attacked by com-
   plainant and his friends, was not hearsay, but was admissible to affect
   the credibility of the officer.
   [Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 1247; Dec.
   Dig. § 390.*]

4. CRIMINAL LAW (§ 1169*)—HARMLESS ERROR—ERRONEOUS ADMISSION OF EVI-
   DENCE.
   The admission of testimony that an officer looked for accused was not
   prejudicial, since it did not tend to show that accused was guilty.
   [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3088, 3130,
   3137–3143; Dec. Dig. § 1169.*]

Appeal from Trial Term, Kings County.

Michael Longebodi was convicted of assault in the second degree,
and he appeals.   Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, WOOD-
WARD, and RICH, JJ.

George W. Martin, of Brooklyn (Frederick B. Bailey, of Brooklyn,
on the brief), for appellant.

Hersey Egginton, Asst. Dist. Atty., of Brooklyn (James C. Crop-
sey, Dist. Atty., of Brooklyn, and Edward A. Freshman, Asst. Dist.
Atty., of New York City, on the brief), for the People.

WOODWARD, J.   [1] The defendant has been convicted of the
crime of assault in the second degree—the evidence being substantially
that the complainant went to a boot-blacking parlor in Hamilton ave-
nue, Brooklyn, with some companions, and that he found there the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

defendant, with some eight girls and six fellows, all of whom had been indulging in the refreshments served at a christening; that he stayed there a few minutes, during which time he got into a fight with the defendant over one of the girls, and was pushed out of the place by a Mrs. Zurica, the proprietress; that he and his friends went down the street for some distance, and then started back; that on their way back they met defendant, with several others, the defendant being accompanied specially by one of the girls, and that as the two parties met the defendant took out a razor and slashed the complainant across the face, and also across his breast, though the blade does not appear to have passed through the coat; that thereupon all of the parties ran away, the defendant running into the arms of a policeman on the opposite side of the street, who made some inquiries in reference to the trouble, and permitted the defendant to be taken home by the girl who was accompanying him, while the complainant and his friends ran in different directions, looking for the man who did the cutting, but failed to find him.

There is little dispute as to the affair down to the time of the meeting on the street where the cutting occurred. The defendant's friends assert that the complainant made the first assault with something black in his hand, and that the defendant ran away without returning the assault; while the complainant and his friends testify that the defendant stepped out away from the girl with whom he was walking and cut the complainant as above stated. There was clearly sufficient evidence to justify the verdict of the jury, and, aside from the fact that a certificate of reasonable doubt has been granted, it would hardly require any serious discussion.

[2] The learned court granting the certificate appears to have been in doubt as to "whether or not the conviction is against the weight of testimony"—a doubt which we do not share, for the defendant took the stand in his own behalf, and nowhere denies that he had a razor, or that he cut the complainant, which, of itself, would raise a strong presumption of guilt. Stover v. People, 56 N. Y. 315; People v. Tice, 131 N. Y. 651, 657, 30 N. E. 494, 15 L. R. A. 669, and authorities there cited.

[3] The point which appears to have had determining weight in the granting of the certificate is the alleged hearsay evidence of one of the assistant district attorneys. The defendant was accused of cutting Connors, and Officer Manning was called as a witness for the defense, and testified in substance that Connors told him in the station house he did not know who cut him. Thereafter Assistant District Attorney Freshman was called as a witness to contradict Manning, by giving a conversation over the telephone with him; and the learned justice says that no foundation for such a contradiction was laid, as Manning was not asked in the first instance anything about a conversation over the telephone with Freshman, and that this testimony of Freshman was taken as substantive testimony, clearly hearsay, against the defendant, and not, under the rules of evidence, for the purpose of impeaching Manning. It appears from the record, however, that Manning had testified that "the only other informa-

tion I got was a telephonic communication from Mr. Warbasse, the assistant district attorney, as to why I didn't make the arrest," and the latter part of this testimony was stricken out on motion, and Manning subsequently said that he had a telephonic conversation, but did not know whether it was with Mr. Freshman or Mr. Warbasse, and Mr. Freshman subsequently testified that he called up the officer at the police station, and was told that he was talking with Officer Manning, and that the latter told him that he was looking for Longebodi, the defendant, and that he thought it was a case of self-defense, as Longebodi was attacked by the complainant and his friends.

[4] We are unable to discover that this was in any sense hearsay testimony. It merely went to the credibility of one of the defendant's witnesses, and was not in itself prejudicial to the defendant, except as it tended to contradict his witness, for the fact that an officer may have been looking for the defendant did not tend to show that he was guilty of the crime on which the trial was progressing.

The judgment appealed from should be affirmed. All concur.