## COURT OF GENERAL SESSIONS — NEW YORK COUNTY.

### January, 1917.

## THE PEOPLE v. ROBERT C. WOOD.

(98 Misc. 558.)

INDICTMENTS—OF MEMBER OF PUBLIC SERVICE COMMISSION—FOR BRIBERY —REQUIREMENTS OF PUBLIC POLICY—TRIAL—EVIDENCE—WHEN PRIMA FACIE CASE AGAINST DEFENDANT MADE OUT.

Where a member of the Public Service Commission for the first district is indicted for bribery, public policy requires that the case be tried, unless it is apparent that under no possible circumstances can the prosecution succeed, especially where it is evident that the trial cannot be a prolonged one, unduly burdening the parties thereto or unduly obstructing other public business.

While the testimony of the principal witness for the prosecution is indefinite in certain respects yet if believed by the jury, and on his own testimony said witness is not an accomplice, a *prima facie* case against the defendant is made out, but should testimony be given by the defense tending to prove that said witness is an accomplice, an issue of fact on that question would be presented which should be submitted to the jury for consideration, and it also appears that the trial must be brief, the recommendation of the district attorney that defendant's bail be discharged will not be approved.

RECOMMENDATION by the district attorney of the county of New York that bail in this action be discharged.

NOTT, J.:

The district attorney of the county of New York, by recommendation dated December 22, 1916, recommends that bail in this action be discharged. The indictment is for bribery, alleging that on or about the 20th day of June, 1914, the defendant, a member of the Public Service Commission for the first

district of the State of New York, did ask and offer to receive from the Union Switch and Signal Company, and from one Sidney G. Johnson the sum of $5,000 upon an agreement or understanding that the vote, decision or action of the defendant as such commissioner should be influenced thereby in favor of disapproving the award of a certain contract to another corporation which had underbid the Union Switch and Signal Company.

The recommendation is based on two reasons: *first,* that the success of the prosecution depends upon the testimony of the said Johnson; that Johnson is an unwilling witness; that his testimony is vague, and that by his recent acts and declarations he has manifested his hostility and has refused to discuss the case further; and, *second,* that there is a question of fact in the case whether or not Johnson is an accomplice of the defendant, it being evident that if he is an accomplice the necessary corroboration of his testimony is lacking.

It may be laid down as a general principle that where an indictment for a felony is returned against a public officer, holding an important position, public policy requires that the case against him be publicly tried, unless it is perfectly apparent that under no possible circumstances can the prosecution succeed, especially where it is evident that the trial of the case cannot be a prolonged one, unduly burdening the parties thereto or unduly obstructing other public business.

In this case, while the evidence of Johnson in certain respects is indefinite, yet if it is believed by a jury, and he is not an accomplice, a *prima facie* case against the defendant is made out. The fact that Johnson may be an unwilling witness does not necessarily weaken the case. Very often the fact that a witness is unwilling and is testifying against his inclinations, adds strength to his testimony. The mere fact that Johnson has refused to discuss the case further or aid in its further prosecution does not prove by any means that he will run the

risk of an indictment for perjury by changing the testimony already given by him. On his testimony he is not an accomplice, and should testimony be given by the defense tending to prove that he is, an issue of fact on that question would be presented which should be submitted to the jury, and it is impossible to say how that question would be resolved by them. It is evident that the trial of the action must be brief as the witnesses are very limited in number; and that the trial cannot unduly burden the parties or obstruct the calendar.

The defendant, a public officer holding an important position, has been indicted for a serious crime. If he is innocent he is entitled to a public trial and vindication; if he is guilty he should be convicted and punished. As the recommendation shows a *prima facie* case against him has been made out, and fails to show that it cannot be sustained upon a trial, in my judgment the public interests require that a trial should be had.

For the reasons stated I cannot approve of the recommendation that bail should be discharged.

Ordered accordingly.