THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* EARL BURLINGAME, Appellant.

Second Department, June 12, 1925.

Crimes — burglary, third degree, and grand larceny, second degree — evidence does not establish guilt — trial — instructions — error to charge, as matter of law, that burglary and grand larceny were committed by some one — error to charge that burden was on defendant to establish truth of his defense that he bought goods.

The evidence in this case is insufficient to support the conviction of the defendant of the crime of burglary in the third degree and grand larceny in the second degree, since it appears that while the commission of the crimes was established, the only connection shown between the defendant and the crimes committed was that some of the goods stolen were found in the possession of the defendant at a point distant from the scene of the crime about fifteen days after the crime was committed, while the evidence given by the defendant tends to show that he purchased the goods from some unknown persons.

It was error for the court to charge that, as a matter of law, the crimes of burglary and grand larceny had been committed by someone, for whether or not a crime had been committed must be submitted to the jury.

It was likewise error for the court to charge that the burden was on the defendant to satisfy the jury of the truth of his defense that the stolen goods found in his possession were purchased by him, for, when a person found in possession of goods recently stolen gives an account of how they came in his possession, which, if believed by the jury may raise a reasonable doubt as to his guilt, the burden is on the prosecution to prove that his story is untrue.

APPEAL by the defendant, Earl Burlingame, from a judgment of the County Court of Dutchess county, rendered against him on the 18th day of February, 1925, convicting him of the crimes of burglary, third degree, and grand larceny, second degree.

*Benjamin H. Brevoort*, for the appellant.

*Allen S. Reynolds, District Attorney*, for the respondent.

KELLY, P. J.:

The indictment contains three counts charging defendant with burglary in the third degree, grand larceny in the first degree

and receiving stolen goods. The learned county judge refused to compel the district attorney to elect between the three counts, but reduced the charge contained in the second count to grand larceny in the second degree. The verdict of the jury was " guilty." The clerk's extract from the minutes certifies that the conviction was of the crimes of burglary and larceny, but does not refer to the third count, to wit, the crime of receiving stolen goods, and also certifies that the sentence was for the commission of the two crimes of burglary and larceny. We think the evidence was insufficient to support the conviction of defendant for either of these crimes. The evidence of the commission of these crimes was unsatisfactory and inconclusive, but there was no evidence connecting defendant with the actual commission of the burglary or larceny save that some of the articles said to have been taken from the house of the complainant were found in defendant's possession at a point distant from the scene of the alleged burglary some fifteen days after the commission of the crime. The defendant claimed to have purchased these particular articles from some unknown persons in an automobile. The evidence would have justified a submission to the jury of the third count in the indictment, viz.: " Buying or receiving stolen or wrongfully acquired property " (Penal Law, § 1308), and might have sustained a conviction for this crime save for error in the charge of the learned county judge hereinafter referred to. But the defendant has been sentenced to imprisonment, not for the commission of this crime, but for the crimes of burglary and larceny, as to which crimes we think the evidence was insufficient to convict. There was no evidence that defendant had in his possession the remainder of the articles stolen or was endeavoring to sell these missing articles at the time he openly and without concealment was offering the articles found in his possession for sale, nor was this missing property traced in any way. Much incompetent evidence was received without objection or exception on the part of the defendant, but this does not relieve us from examining the evidence to ascertain whether the conviction was justifiable. By appropriate motions the defendant asked the learned trial judge to withdraw the counts of burglary and larceny from the jury and exception was taken to the refusal so to do.

In submitting the three counts to the jury the learned judge charged the jury as matter of law that the crimes of burglary and grand larceny in the second degree had been committed. He referred to the testimony of the complaining witness and said: " So as far as that is concerned, there was the crime of burglary committed by someone, at that particular time and in that house."

He told the jury that the property found " was clearly identified as a part of the property," and said later on: " The People rest practically upon that proposition of law; they say they have proven absolutely the burglary; next, the value of the property which constitutes larceny, and third, that this particular property, concededly belonging to Taylor, was in the possession of this defendant, and that so having proven that, it now requires the defendant to satisfy you that his explanation of how he got into possession of this property, is the true one, because that is where the truth lies in this case. Burglary and larceny proven, the question is therefore, how did this defendant come into possession of this property. Has he satisfied you that he came by it lawfully as explained by him? " I think this instruction was erroneous both as to the crimes of burglary and grand larceny for which defendant has been convicted, and also in its applicability to the crime of receiving stolen goods. The defendant did not take the witness stand himself, but he called witnesses who denied that his possession of the property was wrongful, and there was no evidence connecting him with actual participation in the crimes of burglary or larceny. " No matter how conclusive the evidence was in the case before us, and assuming that it was wholly uncontradicted and that the inferences all pointed one way, each of the three fundamental facts was for the jury to pass upon, for if the court could take away one from them it could take away all, and thus direct a verdict, which is never allowed in a criminal case." (*People* v. *Walker*, 198 N. Y. 329, 334; *People* v. *Tuczkewitz*, 149 id. 240; *People* v. *Flack*, 125 id. 324; *Stokes* v. *People of the State of N. Y.*, 53 id. 164; *McKenna* v. *People*, 81 id. 360.) The learned judge said in addition to his remarks above quoted: " Does this testimony on the part of the defendant, satisfy you that that is the correct transaction? If you are satisfied, don't hesitate to say so because that is all there is to the case. If you are not satisfied with his explanation and you are satisfied beyond a reasonable doubt of his guilt, then you should say that, because after all the perpetuity and safety of our institutions depends upon how the juries discharge their duty."

I think the instruction given by the learned judge was erroneous. It was in effect that defendant must satisfy the jury that his story of his acquisition of the property was true. When a party found in possession of goods recently stolen gives an account of how they came into his possession, which, if believed by the jury, may raise a reasonable doubt as to his guilt, the burden is upon the prosecution to prove that his story is untrue. I do not think that the defendant had the burden of satisfactorily explaining his

possession of the property. In *Stokes* v. *People of the State of N. Y.* (*supra*, at p. 182) Judge RAPALLO says: " The jury must be satisfied on the whole evidence of the guilt of the accused; and it is clear error to charge them, when the prosecution has made out a *prima facie* case and evidence has been introduced tending to show a defence, that they must convict, unless they are satisfied of the truth of the defence. Such a charge throws the burden of proof upon the prisoner and subjects him to a conviction, though the evidence on his part may have created a reasonable doubt in the minds of the jury as to his guilt." And, considering the question whether such instructions prejudiced defendant, he says: " That so vital an error as one which should or might mislead the jury on the question as to the party on whom the burden of proof rested, could come within the category of those which could not possibly prejudice the determination of the case, is utterly inadmissible. Nothing short of an unequivocal retraction of that portion of the charge could have removed from the minds of the jury the impression which it was calculated to produce."

The judgment of conviction of the County Court of Dutchess county and the order denying a new trial must be reversed upon the law and the facts and a new trial ordered.

RICH and MANNING, JJ., concur; JAYCOX and YOUNG, JJ., concur in the result.

Judgment of conviction of the County Court of Dutchess county and order denying new trial reversed on the law and the facts and a new trial ordered.