THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. TONY ARBUTOWICH, Appellant.— Order of the County Court of Orange county, affirming a judgment of conviction of the Court of Special Sessions, affirmed. No opinion. Kelly, P. J., Rich, Jaycox, Manning and Young, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CLAUDE BURLINGAME, Appellant.— Judgment of conviction of the County Court of Dutchess county, and order denying new trial, reversed on the law and the facts, and a new trial ordered, upon authority of *People* v. *Burlingame* (213 App. Div. 331), decided herewith. Kelly, P. J., Rich and Manning, JJ., concur; Jaycox and Young, JJ., concur in the result.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES YOULIO, Appellant.— Judgment of the County Court of Orange county, convicting the defendant, reversed upon the law, and a new trial ordered. It was error for the trial court to refuse to charge the jury that it was for them to determine, upon the testimony adduced on the trial, whether or not Feo was an accomplice; and if found by them to be an accomplice, it was necessary that they should find corroboration of his story. The record discloses evidence from which, if true, the inference could be drawn that he was an accomplice, and his denial thereof made this a question for the jury to determine. This was a material error, since the conviction may have been based upon his testimony, even though the jury, if the question had been submitted to them, might have found him to be an accomplice requiring corroboration before they could convict. (*People* v. *Swersky*, 216 N. Y. 471; *People* v. *Zucker*, 20 App. Div. 363; affd., 154 N. Y. 770; *People* v. *Bright*, 203 id. 73, 78; *People* v. *Elliott*, 155 App. Div. 486; *People* v. *Katz*, 209 N. Y. 311; *People* v. *Hooghkerk*, 96 id. 149; *People* v. *Ricker*, 4 N. Y. Supp. 70; affd., 115 N. Y. 668; *People* v. *Wood*, 98 Misc. 558.) The record is entirely silent as to whether or not the defendant was informed of his rights when arraigned. In the absence of proof in the record it cannot be presumed that he was so informed, as the respondent maintains. This was a burden the prosecution should assume and show, and every presumption should be given to the defendant. He was entitled to be informed of the charge against him, and of his right to the aid of counsel in every stage of the proceedings, before any further proceedings were had. (See *People* v. *Molineux*, 168 N. Y. 264, 331; *Bram* v. *U. S.*, 168 U. S. 532, 550.) This situation, we think, also presents error, requiring a reversal. Kelly, P. J., Rich, Jaycox, Manning and Young, JJ., concur.