THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* HOWARD GILLETTE, Defendant.

County Court, Ulster County, September 6, 1945.

*Frederick H. Stang* and *Howard Gillette,* in person, for defendant.

*N. LeVan Haver, District Attorney (Vincent G. Connelly* of counsel), for plaintiff.

CASHIN, J. This is a motion to set aside a sentence of this court heretofore imposed on October 24, 1938. The moving

papers are in longhand and were drafted by the defendant himself. The petition reads that on the 24th day of October, 1938, this court rendered an invalid, illegal and erroneous judgment against the defendant by reason of the fact that the court failed to abide by the law as prescribed by sections 8, 188 and 308 of the Code of Criminal Procedure and the Sixth Amendment to the United States Constitution. In short, he was not advised of his rights to have counsel nor was he represented by counsel.

This court has jurisdiction to hear this motion. (*Matter of Lyons* v. *Goldstein,* 290 N. Y. 19, 25; *Matter of Morhous* v. *N. Y. Supreme Court,* 293 N. Y. 131, 136.)

On the hearing of this motion, the defendant introduced in evidence the following: Indictment No. 2538, County of Ulster, County Court, *People* v. *Howard Gillette.* Indictment, Grand Larceny in the Second Degree. This bears the following notation: " Filed October 20, 1938; arraigned October 20, 1938. Counsel for defendant ————————. Plead guilty October 20/38; judgment deferred to Oct. 24, 1938. Sentence: Clinton State Prison, Dannemora, N. Y. Oct. 24/38 Min. 2½ yrs. Max. 5 years."

The Ulster County Clerk's minutes, October 20 and 24, 1938, read as follows: " Present, Hon. FREDERICK G. TRAVER, County Judge. *People of the State of N. Y.* v. *Howard Gillette.* Defendant arraigned under indictment #2538 and charged with the crime of Grand Larceny 2nd Degree. 2nd Count Grand Larceny, 2nd degree. Defendant entered plea of Guilty. Defendant sworn and statement taken. * * * Judgment deferred to Oct. 24, 1938. Court adjourned until 2 P.M. Monday, Oct. 24, 1938. Court convened at 2 P.M. Monday, Oct. 24, 1938, pursuant to adjournment. Present, Hon. FRED'K G. TRAVER, Co. Judge. D. A. Murray for the People. The Judgment of the Court is that you be imprisoned in Clinton State Prison, for an indeterminate term the minimum of which shall be two and one half years and the maximum of which shall be five years."

The stenographic minutes of the Ulster County Court for October 20, 1938 and October 24, 1938, read as follows: " At a regular trial term of the County Court, Ulster County, held at the Court House, Kingston, New York, on the 20th day of October, 1938 at 10 A.M., the Hon. FREDERICK G. TRAVER, Ulster County Judge, Presiding, the following proceedings were had:

" Mr. Murray (District Attorney): I am sorry to report, Your Honor, the Grand Jury will not be ready to report until two o'clock.

" A recess was taken until 2 P.M.

" At 2 P.M. the following proceedings were had:

" District Attorney Murray: Howard Gillette, under indictment 2538. Gillette, you are charged by the Grand Jury of the County of Ulster with the crime of Grand Larceny, Second Degree, alleged to have been committed on the 21st day of July, 1938, in the County of Ulster; the second count, with the crime of Grand Larceny, Second Degree, alleged to have been committed on the same day. How do you plead, guilty or not guilty?

" Howard Gillette: Guilty.

" Mr. Murray: Have your statement taken.

" Statement taken by the Clerk.

" The Court: Gillette, the judgment of the Court will be imposed on Monday afternoon, October 24th, at two o'clock.

" Ulster County Court, Monday, October 24, 1938, 2 P.M. Hon. FREDERICK G. TRAVER, Ulster County Judge, Presiding.

" District Attorney Murray: Howard Gillette. This defendant entered a plea of Guilty to Grand Larceny in the Second Degree, the theft of a car. For the Court's information, I would say that Gillette, in order to guide Your Honor in sentencing this man, has confessed to the theft within the last four or five years of twenty-four distinct and separate automobiles in this county. Of course, he is only charged here with one. He has been extremely successful in evading justice.

" The Court: You are 24 years old?

" Howard Gillette: Yes, sir.

" The Court: The statement the District Attorney has made is correct?

" Howard Gillette: Yes.

" The Court: That you have stolen that many cars?

" Howard Gillette: That is right.

" The Court: Otherwise I would be inclined to give you a chance at Elmira.

" The judgment of the Court in your case is that you be imprisoned at hard labor at Clinton State Prison, Dannemora, New York for an indeterminate period, the minimum of which shall be two and one-half years and the maximum five years. That is all."

In addition, on the argument of the instant motion, the Assistant District Attorney of the County of Ulster made the following statement:

" Mr. Connelly: I might state in that connection, of course the exhibit just put in by the petitioner merely indicates

that the statement was taken of this petitioner after he pleaded guilty. Of course, it doesn't fully set forth any colloquy as to anything that took place, as to whether or not he was advised of his rights to counsel. I might state that Mr. Styles has looked through his stenographic notes of October 20, 1938 and also October 24, 1938.

" The Court: Mr. Styles, the official stenographer of the Court at that time and this time also?

" Mr. Connelly: Yes. It appears that this defendant was not advised of his rights to counsel so far as these minutes and notes of Mr. Styles indicate. I will be very glad to file these notes as part of the record.

" Mr. Stang: I will offer them in evidence.

" Stenographic notes as transcribed received in evidence and marked Petitioner's exhibit 3, 6–27–45, HAS."

There can be no question that the defendant, on his conviction in 1938, was entitled to be advised of his right to counsel. (N. Y. Const., art. I, § 6; Code Crim. Pro., § 8, subd. 2; §§ 188, 308; U. S. Const., 14th Amendt., § 1. See, also, *Johnson* v. *Zerbst*, 304 U. S. 458.) However, when such judgment is attacked, it carries with it a presumption of regularity and will not be set aside unless it can be clearly shown that the defendant did not competently and intelligently waive his constitutional right to assistance of counsel. The burden of proof rests upon the defendant to establish that he did not competently and intelligently waive his constitutional right to assistance of counsel. (*Johnson* v. *Zerbst, supra; People ex rel. Kruger* v. *Hunt*, 257 App. Div. 917; *People ex rel. Asaro* v. *Morhous*, 268 App. Div. 1016.)

The sole question to be determined in the instant motion is whether or not the defendant has overcome the presumption of regularity. Here it appears from the stenographic record that the defendant was not advised of his right to counsel nor was he assigned counsel. It seems to me that the presumption of regularity has been overcome by this evidence. (See *People ex rel. Moore* v. *Hunt*, 258 App. Div. 24; *People ex rel. Harrison* v. *Wilson*, 176 Misc. 1042.)

For the reasons above stated, an order should be entered that the defendant be remanded to the Sheriff of the County of Ulster to be held for further proceedings under the indictment there on file charging him with grand larceny in the second degree.

Submit order.