THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* BENJAMIN MOWER, Defendant.

County Court, Chautauqua County, May 25, 1948.

*Edwin G. O'Connor, District Attorney,* for plaintiff.
*John Leo Sullivan* for defendant.

BODINE, J. Defendant was convicted in this court on his plea of guilty of third degree burglary on December 18, 1939. Upon information filed by the district attorney the defendant was accused of having been convicted of a felony in Cattaraugus County in September, 1932, execution of sentence on which was suspended, and was thereupon sentenced as a second offender to Attica State Prison for a term of from ten to twenty years. Defendant was released on July 2, 1946, and is now on parole which, I assume, may continue until 1959. He now applies to have the conviction of December 18, 1939, reviewed and set aside on the ground he " was deprived of his right of counsel at the time of arraignment and the plea of guilty and that all his constitutional rights were denied him at that time ". He alleges also that he was not familiar with legal proceedings, was not represented by counsel at any time and was not advised of his right to counsel; that the acceptance of his plea of guilty and his sentencing under the circumstances violated section 6 of article I of the State Constitution and section 308 of the Code of Criminal Procedure and deprived him of his liberty without due process of law in violation of the Fourteenth Amendment of the United States Constitution.

The clerk's minutes show that this defendant and the two others jointly indicted with him pleaded guilty, waived the two days' waiting period, gave their sworn statements " and were asked if they had any legal cause to show why judgment should not now be pronounced." The " Judge's Minutes " as prepared by the court stenographer state, according to his affidavit, on the point in question:

" December 18, 1939         Mayville, N. Y.
Appearances: Edwin G. O'Connor, Assistant District Attorney
   Defendant in person; states he does not want counsel."

While it does not appear in the record, I am advised that the original notes of the stenographer have been lost or destroyed.

The prevalence of this type of application of late has failed to yield any but general rules for guidance. " Each case, of necessity, must turn on the facts peculiar to it." (*People* v. *Lake*, 190 Misc. 794, 796.)

Concededly, the record as presented in the moving papers is meager in its recitals. There is nothing to indicate what advice or information, if any, was imparted to defendant leading up to his statement that he did not desire counsel. Such statement, however, is affirmative evidence either that he was advised of his right to have counsel or that he was asked if he had counsel or wanted counsel. It seems to me that this circumstance is sufficient to set in operation the presumption of regularity that attaches to all judicial pronouncements, and particularily where, as here, the defendant was mature and had had the benefit of a previous appearance before a similar court on a like charge. In this respect the instant case is distinguishable from those holdng that the presumption of regularity does not obtain or has been overcome, of which *People* v. *Gillette* (185 Misc. 803), *People* v. *Sedlak* (53 N. Y. S. 2d 51) and *People* v. *Youlio* (214 App. Div. 793) are examples. Where, however, there is some evidence in the record of the fulfillment of the statutory and constitutional requirements or other considerations present the presumption does apply and the burden is on defendant to show that he did not competently and intelligently waive such rights. The bare statement of defendant that he was not advised of his rights is not of itself sufficient to overcome such presumption and especially where several years have elapsed since the occurrence. (*People* v. *Crispell*, 185 Misc. 800; *People* v. *Lyons*, 55 N. Y. S. 2d 9; *People ex rel. Kruger* v. *Hunt*, 257 App. Div. 917; *People ex rel. Asaro* v. *Morhous*, 268 App. Div. 1016, and cases therein cited.)

The application must accordingly be denied.