■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JORDAN PAPANIER, Appellant.— Appeal by defendant from a judgment of the former County Court, Richmond County, rendered January 19, 1962 after a jury trial, convicting him (and a codefendant) of grand larceny in the first degree, and sentencing him to serve a term of 5 to 7½ years. Judgment affirmed. This defendant Papanier and one Sorgaard (whose separate appeal

has been decided herewith, 20 A D 2d 674) were found guilty of grand larceny in the first degree in that they stole a Plymouth station wagon belonging to one Timothy Donovan and in that they thereafter transferred its body to the chasis of another station wagon. In our opinion the proof of guilt as to both defendants was convincing. One of the elements of proof was the false explanation by both defendants of their recent and exclusive possession of the stolen station wagon. When the court's charge to the jury is examined as a whole, the specific charge that the recent possession rule was an "exception" to the presumption of innocence and that it "survived" the presumption meant only that, if the jury believed that defendants falsely explained their recent and exclusive possession of the fruits of the crime, the inference that they were guilty of larceny was sufficient to overcome the presumption of innocence. Therefore the charge, viewed in its entirety, was correct (*Stover* v. *People,* 56 N. Y. 315; *Knickerbocker* v. *People,* 43 N. Y. 177). In our opinion, the charge when read as a whole did not imply either that the presumption of innocence was destroyed by proof of the false explanation of recent and exclusive possession, or that there was a conflict of presumptions, or that the inference of guilt arising from recent possession was stronger than the presumption of innocence. Beldock, P. J., Kleinfeld, Christ and Brennan, JJ., concur; Hopkins, J., dissents and votes to reverse the judgment on the law and the facts, and to grant a new trial, with the following memorandum: The defendant Papanier and one James Sorgaard were jointly tried under an indictment charging them with grand larceny in the first degree. The indictment alleged that they had stolen a 1958 Plymouth station wagon. At the trial the defendant Papanier testified. In its instructions to the jury the learned trial court stated that, until the contrary was proved, defendants were presumed to be innocent, and that the presumption of innocence continued throughout the trial. The court then said: "In this case there is a separate rule of law which survives this presumption; and later on in my charge I shall specifically instruct you with respect to this rule of law. It relates to recent and exclusive possession of the fruits of the crime by the defendants. I ask you to pay careful attention to my instruction with respect thereto." Further in its instructions to the jury, the trial court stated in substance that the jury would be justified in inferring the guilt of the defendants if the jury found beyond a reasonable doubt from the testimony of the case that the defendants were in recent and exclusive possession of the fruits of the crime, and that such possession was unexplained or was explained falsely. The trial court then said: "Now in connection with recent and exclusive possession of the fruits of the crime, you will recall that this rule in effect, affects the presumption of innocence, which ordinarily runs throughout the trial until that presumption is removed by the jury. This is an exception but a rule of law." Further in its instructions to the jury, the trial court stated that the burden of proof beyond a reasonable doubt never shifted from the People to the defendants. The court then said: "The presumption of innocence remains with the defendants throughout the trial, except in connection with my specific instructions as to recent and exclusive possession of the fruits of the crime; and the defendant need not prove the alibi." An exception was taken by counsel for the defendant Papanier to all such portions of the trial court's charge. Thereafter counsel for the defendant Papanier requested the trial court to charge in substance that the jury was not required to find the defendant Papanier guilty from proof of recent possession of the fruits of the crime, but that such proof might be taken into consideration by them in determining whether the defendants' guilt had been proved beyond a reasonable doubt. The court refused to

charge in the language requested, and stated that it believed that its charge on this subject was sufficient. Papanier's counsel duly excepted to such refusal. In my opinion the defendant was entitled to an unconditional and unequivocal charge that, "until the contrary be proved," the presumption of his innocence continued throughout the trial (Code Crim. Pro., § 389; *People* v. *Russell,* 266 N. Y. 147, 154). The instructions to the jury, conjoining as they did the presumption of innocence and the rule of the inference of guilt arising from the recent possession of the fruits of the crime, were erroneous. The burden of proof to establish guilt on the whole case never shifts from the People (*People* v. *Sandgren,* 302 N. Y. 331, 334). The recent and exclusive possession of the fruits of the crime may lead to an inference of guilt, if the possession is not explained or if it is falsely explained; yet, it is rebuttable by other evidence (*People* v. *Friedman,* 149 App. Div. 873, 876; 1 Wharton's Criminal Evidence [12th ed.], § 135, pp. 254–255). The accused never has the burden of satisfactorily explaining his possession of the property; the burden of showing the explanation to be false remains on the People (*People* v. *Burlingame,* 213 App. Div. 331). By charging the jury that the recent possession rule was an "exception" to the presumption of innocence and that this exception "survives" the presumption, the court in effect told the jury that the presumption was subordinate to an evidentiary rule; and the court thus shifted the burden of proof to the defendants (cf. 9 Wigmore, Evidence [3d ed.], § 2511, pp. 406–407; McCormick, Evidence, § 310, p. 648). The existence of evidence from which the jury may draw an inference of guilt does not destroy the presumption against guilt, unless in the jury's view the inculpatory evidence, together with all the other evidence or lack of evidence in the case, overcomes the presumption (1 Wharton's Criminal Evidence [12th ed.], § 89, p. 174; 1 Jones, Evidence [5th ed.], § 113, p. 196; cf. *People* v. *Creasy,* 236 N. Y. 205, 223; Morgan, Some Observations Concerning Presumptions, 44 Harv. L. Rev. 906, 932, n. 41). The recent possession rule does not create a legal presumption of the guilt of the accused; it merely raises a question of fact for the jury (*People* v. *Roman,* 12 N Y 2d 220, 222). In effect, the trial court's instructions pitted the recent possession rule against the presumption of innocence and thereby impressed the jury with the superior position of the recent possession rule, contrary to the accepted doctrine (20 Am. Jur., Evidence, § 163, p. 166; § 1226, p. 1078). The jury might well have believed from the charge that, in considering the evidence concerning the recent possession by the defendants of the station wagon, they were not to give any weight to the presumption of innocence or to the explanation made by the defendants with respect to their possession of the property. The refusal to charge the jury that the evidence of recent possession did not require the jury to infer guilt was also erroneous in my opinion. The jury may or may not accept the evidence, and may or may not draw the inference (*Stover* v. *People,* 56 N. Y. 315, 318). "If the circumstances make one inference just as reasonable as the other, we must give the defendant the benefit of the conclusion that would mitigate his guilt" (*People* v. *Galbo,* 218 N. Y. 283, 292). Accordingly, I am constrained to vote to reverse the judgment of conviction on the law and on the facts, and for a new trial.