THE PEOPLE OF THE STATE OF NEW YORK ex rel. GEORGE W. BRYANT, Appellant, *v.* CHARLES F. ZIMMERMAN, Chief of Police of the City of Buffalo, et al., Respondents.

Constitutional law — habeas corpus — civil rights — secret societies — Legislature may prescribe reasonable regulations — classification which excepts some groups of oath-bound secret societies may be reasonable — statute not objectionable on ground that it applies only to societies requiring oath as prerequisite of membership — article 5-A of Civil Rights Law requiring some but not all secret societies to file certain information with Secretary of State, and making violation thereof a misdemeanor, not objectionable as class legislation or as unreasonable or arbitrary — writ of habeas corpus to release from custody one charged with violation of such statute, on ground that statute deprives him of liberty without due process of law and denies him equal protection of law, properly dismissed.

1. The Legislature may take notice of the potentialities of evil in secret societies, and may regulate them reasonably without depriving the members thereof of their liberty without due process of law. It must, however, adopt a reasonable ground of classification in such regulation and cannot legitimately vent its permanent or passing wrath on a single society unless such society is known or shown to be in a class by itself. A classification, nevertheless, which excepts some groups of oath-bound secret societies may be reasonable.

2. Such a regulatory statute is not objectionable on the ground that it aims only at societies which require an oath as a prerequisite or condition of membership. A classification is not held to be bad because it is not comprehensive. As an oath is recognized by many as the highest form of obligation, a distinction may reasonably be made

between oath-bound secret societies and societies which bind their members by pledges of less time-honored solemnity and between accepted oath-bound societies and oath-bound societies in general.

3. Article 5-A of the Civil Rights Law (Cons. Laws, ch. 6), which requires all membership corporations and unincorporated associations of more than twenty members, requiring an oath as a prerequisite of membership, other than a labor union or a benevolent order mentioned in the Benevolent Orders Law, to file a sworn copy of its constitution, by-laws, rules, regulations, oath of and roster of membership and list of current officers with the Secretary of State and provides, amongst other penalties, that any person who becomes or remains a member of such a corporation or association or attends a meeting thereof with knowledge that it had failed to comply with the provisions of the statute, shall be guilty of a misdemeanor, may be upheld as not actually and palpably unreasonable and arbitrary.

4. A writ of habeas corpus, therefore, to review the cause of detention of one held in custody on a charge that he had attended a meeting and remained a member of an association, which came within the terms of, but had failed to comply with the provisions of said statute, sought to be sustained on the ground that the statute is void for unconstitutionality in that it deprives him of his liberty without due process of law and denies him the equal protection of the law for the reason that it is arbitrary and discriminatory class legislation, is properly dismissed.

*People ex rel. Bryant* v. *Zimmerman,* 213 App. Div. 414, affirmed.

(Argued November 24, 1925; decided January 12, 1926.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 22, 1925, which affirmed an order of Special Term dismissing a writ of habeas corpus.

*John H. Connaughton, W. F. Zumbrunn* and *John K. Gerken* for appellant. The statute in question is clearly unconstitutional, for the reason that it is distinctly class legislation, and wrongfully restricts the personal liberty of certain citizens. (*People* v. *Williams,* 189 N. Y. 131; *People* v. *Bellet,* 99 Mich. 151; *Hawkins* v. *Roberts,* 122 Ala. 130; *French* v. *Davidson,* 143 Cal. 658; *State* v. *Hanlon,* 77 Ohio St. 19; *State* v. *Swagerty,* 203 Mo. 517; *Hathorn* v. *Nat. Gas Co.,* 194 N. Y. 326; *Gulf Col., etc., Ry.* v.

*Ellis,* 165 U. S. 150; *Vanzant* v. *Waddel,* 2 Yerg. 260; *Dibrell* v. *Morris' Heirs,* 15 S. W. Rep. 87; *Bell's Gap Ry.* v. *Pennsylvania,* 134 U. S. 232.) This is unconstitutional, as being in contravention of the Fourteenth Amendment to the Constitution of the United States. (*Virginia* v. *River,* 100 U. S. 318; *Hodges* v. *U. S.,* 203 U. S. 1; *U. S.* v. *Billings,* 190 Fed. Rep. 359; *Risley* v. *City of Utica,* 173 Fed. Rep. 502; *North Carolina* v. *Vanderford,* 35 Fed. Rep. 282; *Douglas Park Jockey Club* v. *Grainger,* 146 Fed. Rep. 414; *Sunday Lake Iron Co.* v. *Wakefield,* 247 U. S. 350; *Jones* v. *Buffalo Creek C. & C. Co.,* 245 U. S. 328; *Truax* v. *Corrigan,* 257 U. S. 312; *Covington, etc., Co.* v. *Sandford,* 174 U. S. 578; *Cumberland Gas Light Co.* v. *West Virginia, etc., Gas Co.,* 188 Fed. Rep. 585; *Leecraft* v. *Texas Co.,* 281 Fed. Rep. 918.) A police regulation is like other law subject to the equal protection of the laws clause of the Fourteenth Amendment to the Federal Constitution. (*Atchison, T. & S. F. R. Co.* v. *Vosburg,* 238 U. S. 56; *Connolly* v. *Union Sewer Pipe Co.,* 184 U. S. 540; *Gibbons* v. *Ogden,* 9 Wheat. 1, 210; *Sinnot* v. *Davenport,* 22 How. [U. S.] 227; *Missouri etc.,* v. *Haber,* 169 U. S. 613.)

*Guy B. Moore, District Attorney,* for respondents. The statute in question is a valid exercise of the police power of the State, and is, therefore, constitutional. (*People* v. *Beakes, etc.,* 222 N. Y. 416; *Radice* v. *New York,* 246 U. S. 292; *Miller* v. *Wilson,* 236 U. S. 382; *Lawton* v. *Steele,* 152 U. S. 135; *People ex rel. Met. St. Ry. Co.* v. *Tax Comrs.,* 174 N. Y. 417; *People ex rel. Simon* v. *Bradley,* 207 N. Y. 592; *People* v. *Schweinler Press,* 214 N. Y. 395; *Matter of Viemeister,* 179 N. Y. 235.)

*Albert Ottinger, Attorney-General (John H. Clogston* of counsel), for State of New York. The exceptions in the act do not make it unconstitutional. (*Miller* v. *Wilson,* 236 U. S. 373; *People* v. *Hanover,* 149 N. Y. 195; *People* v.

*Klinck Packing Co.*, 214 N. Y. 121; *Kockee Coke Co.* v. *Taylor*, 234 U. S. 227.)

POUND, J.  Relator is held in custody under the provisions of section 56 of the Civil Rights Law (L. 1923, ch. 664; Cons. Laws ch. 6), article 5-A of which law is quoted in full in the foot note.*

The charge against him is that he attended a meeting of and remained a member of Buffalo Provisional Klan of the Knights of the Ku Klux Klan with knowledge that said association, which has more than twenty members, requires an oath as a prerequisite or condition of membership, and is not a labor union or a benevolent order mentioned in the Benevolent Orders Law (Cons. Laws, ch. 3), had not complied with the provisions of the statute by filing with the Secretary of State a sworn copy ·of

---

*Civil Rights Law, article 5-A (L. 1923, ch. 664):

§ 53.  Copies of Documents and Statements to be Filed.  Every existing membership corporation, and every existing unincorporated association having a membership of twenty or more persons, which corporation or association requires an oath as a prerequisite or condition of membership, other than a labor union or a benevolent order mentioned in the benevolent orders law, within thirty days after this article takes effect, and every such corporation or association hereafter organized, within ten days after the adoption thereof, shall file with the Secretary of State a sworn copy of its constitution, by-laws, rules, regulations and oath of membership, together with a roster of its membership and a list of its officers for the current year.  Every such corporation and association shall, in case its constitution, by-laws, rules, regulations or oath of membership or any part thereof, be revised, changed or amended, within ten days after such revision or amendment file with the Secretary of State a sworn copy of such revised, changed or amended constitution, by-law, rule, regulation or oath of membership.  Every such corporation or association shall· within thirty days after a change has been made in its officers file with the Secretary of State a sworn statement showing such change.  Every such corporation or association shall at intervals of six months file with the Secretary of State a sworn statement showing the names and addresses of such additional members as have been received in such corporation or association during such interval.

its constitution, by-laws, rules, regulations and oath of membership, together with a roster of its membership and a list of its officers for the current year.   His contention is that the statute is void for unconstitutionality in that it deprives him of his liberty without due process of law and denies him the equal protection of the law for the reason that it is arbitrary and discriminatory class legislation.

Secret societies have, in the past, been recognized as meeting a desire of many of our citizens to band themselves together by oaths more horrific than harmful. Thus in *Purple* v. *Horton* (13 Wend. 2) the court had before it the oath of a master mason and found nothing therein to disqualify a freemason as a juror in an action

§ 54. Resolutions Concerning Political Matters.   Every such corporation or association shall, within ten days after the adoption thereof, file in the office of the Secretary of State every resolution, or the minutes of any action of such corporation or association, providing for concerted action of its members or of a part thereof to promote or defeat legislation, federal, state or municipal, or to support or to defeat any candidate for political office.

§ 55. Anonymous Communications Prohibited.   It shall be unlawful for any such corporation or association to send, deliver, mail or transmit to any person in this state who is not a member of such corporation or association any anonymous letter, document, leaflet or other written or printed matter, and all such letters, documents, leaflets or other written or printed matter, intended for a person not a member of such corporation or association, shall bear on the same the name of such corporation or association and the names of the officers thereof together with the addresses of the latter.

§ 56. Offences; Penalties.   Any corporation or association violating any provision of this article shall be guilty of a misdemeanor punishable by a fine of not less than one thousand dollars nor more than ten thousand dollars.   Any officer of such corporation or association and every member of the board of directors, trustees or other similar body, who violates any provision of this article or permits or acquiesces in the violation of any provision of this article by any such corporation shall be guilty of a misdemeanor.   Any person who becomes a member of any such corporation or association, or remains a member thereof, or attends a meeting thereof, with knowledge that such corporation or association has failed to comply with any provision of this article, shall be guilty of misdemeanor.

where one of the parties to a suit at law was a freemason and the other was not. The act before us places its approval on numerous well-known lodges, chapters, commanderies, consistories, councils, temples, grottos, posts, tribes, aeries, camps, tents, nests, encampments and cantons wherein brothers, sisters, sons or daughters are united in mystic ties. (Ben. Orders Law, § 2.) Labor unions and, more recently, college fraternities and sororities (L. 1925, ch. 521) whose name is legion, have also received legislative approval. They have a good reputation, at least the Legislature has recognized the innocuous, if not excellent, character which they claim for themselves.

But the Legislature may take notice of the potentialities of evil in secret societies, and may regulate them reasonably without depriving the members thereof of their liberty without due process of law. Indeed, the danger of certain organizations has been judicially demonstrated. The manifesto of the political party known as the Left Wing of the Socialist Party, or Communists, has been said openly to advocate criminal anarchy in violation of the provisions of the Penal Law. (*People* v. *Gitlow*, 234 N. Y. 132; affirmed, 268 U. S. 652.) Secret societies may be formed for the same purposes. The Legislature must, however, adopt a reasonable ground of classification in regulating such secret societies and organizations. (*Lawton* v. *Steele*, 152 U. S. 133; *People* v. *Klinck Packing Co.*, 214 N. Y. 121; *People* v. *Beakes Dairy Co.*, 222 N. Y. 416, 429.) It cannot legitimately vent its permanent or passing wrath on a single society unless such society is known or shown to be in a class by itself. The present statute addresses itself to very general characteristics which admittedly may include the most laudable as well as the vicious. It seems reasonable to separate the known from the unknown, the presumptively good from the possibly evil, the sheep from the goats. Benevolent orders, labor unions and college fraternities have existed for many years and while not immune from hostile criti-

cism, have on the whole justified their existence. Conceivably those that remain, or some of them, might win equal favor on better acquaintance. With the wisdom of the legislation in question we have not to do. The Legislature may doubtless strike at a fancied evil, believed by many to exist, without balancing with accuracy the actual danger to the State against the beneficent purposes publicly avowed by the members of such societies. (*Otis* v. *Parker*, 187 U. S. 606, 609.) It follows that a classification which does not include all oath-bound secret societies may be reasonable.

Another objection to the statute requires consideration. The act in question aims only at societies which require an oath as a prerequisite or condition of membership. Similar organizations which are not oath bound are entirely outside of its provisions. Any organization under the ban might take itself out of the regulations by adopting a solemn pledge or affirmation rather than an oath.

A promissory oath is defined by Webster's New International Dictionary as " a solemn appeal to God, or in a wider sense, to some superior sanction or a sacred or revered person (as the temple, the altar, the blood of Abel, the Koran, a tribal superior, etc.) * * * in witness of the inviolability of a promise or undertaking."

The State in dealing with judicial oaths, which are taken as a sanction for the truth of an affirmation or declaration in legal or quasi-legal matters, like the oath of a witness or an affiant, defines " oath " (Gen. Const. Law, § 36; Cons. Laws, ch. 22) to " include every mode authorized by law of attesting the truth of that which is stated," and punishes for perjury both one who swears and one who affirms that any material matter is true which is known to be false. (Penal Law, §§ 1620, 1621; Cons. Laws, ch. 40.)

The policy of the State is, therefore, to disregard the form of the sanction " on any occasion in which an oath is required by law, or is necessary for the prosecution or

defense of a private right, or for the ends of public justice, or may lawfully be administered."

Public policy thus makes no distinction between oaths and affirmations so far as the pains and penalties of perjury are concerned. But promissory oaths are not included in the definitions quoted. They may not be the basis of a criminal prosecution for perjury. The faithless public official who violates his oath of office is punishable but not for perjury.

Can it be said that a solemn promise or obligation, not in the form of an oath or appeal to Almighty God, is not as binding on the conscience of the ordinary member of a secret organization as the oath would be? Is such a distinction a sound basis for classification? Does it arbitrarily discriminate against those who believe in a Supreme Being or higher power? Is the line drawn with any well-defined moral admeasurement between potential good and bad? These considerations address themselves to the law-making power if not to the courts.

Assuming that all might be included, on judicial review, a classification is not held to be bad because it is not comprehensive. The Legislature need not attack the whole evil at once. (*Keokee Coke Co.* v. *Taylor*, 234 U. S. 224, 227.) Certain oath-bound societies have in the past, as matter of common knowledge, been revolutionary and a menace to established government. For the purpose of regulating Sunday labor one rule has been made for barbers in New York and Saratoga, while another rule is applied to the rest of the State. (*People* v. *Havnor*, 149 N. Y. 195.) As an oath is recognized by many as the highest form of obligation, a distinction may reasonably be made between oath-bound secret societies and societies which bind their members by pledges of less time-honored solemnity and between accepted oath-bound societies and oath-bound societies in general. The classification we have to consider is real and readily made as matter of form. It may not rest on a very substantial basis in the

opinion of many, but " the power to declare a law uncon-
stitutional is always exercised with reluctance." (*Pollock
v. Farmers' Loan & Trust Co.*, 157 U. S. 429,. 554.)   The
enactment before us may be upheld as not " actually
and palpably unreasonable and arbitrary " on the author-
ity of precedents which have gone far to uphold legislative
power in matters of classification. (*Radice v. New York,*
264 U. S. 292, 296, 297.)   It rests on an opinion reasonably
permissible for its validity.

The order should be affirmed.

HISCOCK, Ch. J., CARDOZO, MCLAUGHLIN, ANDREWS
and LEHMAN, JJ., concur with POUND, J.; CRANE, J.,
concurs in result.

Order affirmed.