THE PEOPLE OF THE STATE OF NEW YORK ex rel. LOUIS MOSES, Relator, *v.* WILLIAM ADAMS, Warden of the City Prison, Defendant.

Supreme Court, Special Term, New York County, October 3, 1939.

*George J. Elkins [Bennett E. Aron* of counsel], for the relator.

*Thomas E. Dewey, District Attorney,* for the defendant.

BERNSTEIN, J. The relator was arrested and arraigned in the Court of Special Sessions on an information charging him with the crime of conspiring with others to solicit or to procure through solicitation legal business, in violation of section 270-a of the Penal Law. He seeks, on habeas corpus, to be released, by attacking the statute as violative of the provisions of the Fourteenth Amendment of the Constitution of the United States and of section 6 of

article 1 of the Constitution of the State of New York, in that it denies him the equal protection of the laws and the guaranty of freedom of contract and in that it is unreasonable and arbitrary.

The purpose of the application, it is frankly stated, is to test the constitutionality of the statute in advance of trial and judgment, and under the authorities it may be so tested on habeas corpus. (*People ex rel. Battista* v. *Christian*, 249 N. Y. 314; *People ex rel. Bryant* v. *Zimmerman*, 213 App. Div. 414; affd., 241 N. Y. 405; *People ex rel. Haines* v. *Hunt*, 229 App. Div. 419.)

The relator, who is not a lawyer, contends first that since the statute makes a mere solicitation of legal business by " any person " criminal, it makes criminal even a casual or incidental request for legal business by a lawyer himself, in a case where the solicitation may be warranted by the subsisting personal relationship and perfectly proper and ethical under the 27th Canon of Ethics promulgated by the American Bar Association. This, he says, is an arbitrary and unreasonable restriction of the lawyer's guaranteed right to follow his vocation freely and untrammelled, and goes beyond the legitimate exercise of the police power of the State. The relator contends secondly that from the standpoint of his own status as a layman, the statute is even more arbitrary and unreasonable, in that it draws no distinction between recommendation and solicitation nor between proper and improper solicitation and makes a crime of a single isolated solicitation of legal business. This, he says, gives it a scope far beyond what the Legislature intended when it enacted the law to curb " ambulance chasing," and divests it of all real relationship to the public welfare.

Since the relator is not a member of the bar, his contention that the statute constitutes an arbitrary and unnecessary interference with the rights of lawyers to pursue their profession is not in point on this application. If and when the question of the reasonableness of the statute in respect to lawyers arises, this court or our appellate courts may pass upon that contention. For the purposes of the relator's plea, it is only necessary to consider whether, in respect to him, the statute violates any rights or privileges guaranteed by the Federal or State Constitutions.

Every presumption is in favor of constitutionality and, if the statute can be construed as carrying out the legislative intent constitutionally, it must be so construed. (*People* v. *Ringe*, 197 N. Y. 143; *People* v. *American Socialist Society*, 202 App. Div. 640.) As the Court of Appeals expressed it in the *Ringe* case (p. 150): " Where a statute admits of two constructions, one of which will make the act in violation of the Constitution and by the other of which the act can be sustained as a proper exercise of legislative power, that construction should be given which assumes that the

Legislature was mindful of its constitutional limitations, and passed a constitutional, and not an unconstitutional act." Here, the statute was concededly intended to cure the evils of ambulance chasing and, for the purposes of the relator's case, it must properly be limited in its application to ambulance chasing.

Moreover, the question of unconstitutionality of the statute as to solicitation by a lawyer has already been raised in our courts. (*People* v. *Galerston*, 251 App. Div. 707; affd., 276 N. Y. 656.) While the relator points out that the conviction had in that case, on charges of violation of both section 270-a and section 270-d, might well have been sustained on the basis of the latter section, it is nevertheless true that the unconstitutionality of section 270-a was there presented, and that it was there contended, as it is here, that the statute prohibited the mere solicitation of business by a lawyer and that, as such, it had no reasonable relation to the evil of ambulance chasing which the Legislature sought to eradicate. Since the identical point was urged on the review of that case, it must be presumed that our appellate courts fully passed upon it. It was also passed upon by the Supreme Court of the United States in a case involving a similar statute, where Mr. Justice BRANDEIS, speaking for the court, said: " To prohibit solicitation is to regulate the business, not to prohibit it. * * * The evil against which the regulation is directed is one from which the English law has long sought to protect the community through proceedings for barratry and champerty. * * * Regulation which aims to bring the conduct of the business into harmony with ethical practice of the legal profession, to which it is necessarily related, is obviously reasonable. * * * The statute is not open to the objections urged against it." (*McCloskey* v. *Tobin*, 252 U. S. 107, 108.)

While the constitutional validity of a law is to be tested, amongst other things, by what may by its authority be done, it must also be considered in the light of its legislative purpose. Here, that purpose was to curb or destroy ambulance chasing. Section 270-a is only one of several correlated sections enacted in 1935 to carry out a legislative scheme, and must be read and construed with the others. As such, it bears a reasonable relation to the condition sought to be remedied. When so read and construed, it is obvious that none of the fantastic things, which the relator suggests may be done by its authority, could be done. When so read and construed, the section under attack is simply one of a series of regulations enacted by the Legislature, under its legitimate exercise of police power, to accomplish a proper purpose, and is neither arbitrary nor unreasonable.

The writ is dismissed, and the relator is continued in bail in the sum of $1,500 for his appearance for trial in the Court of Special Sessions. New York County. Settle order.