**Anthony A. ACCIARELLO, Petitioner,**

v.

**Hon. Russell M. OSWALD and Hon. Edward M. Fay, Respondents.**

United States District Court
S. D. New York.

Dec. 4, 1964.

Anthony A. Acciarello, pro se.

Louis J. Lefkowitz, Atty. Gen. of State of New York, New York City, for respondents; Brenda S. Soliff, Dep. Asst. Atty. Gen., of counsel.

WEINFELD, District Judge.

The petitioner, detained under a judgment of conviction entered in the former Kings County Court, State of New York, presents what appears to be a combination of a petition for release under a writ of habeas corpus and an action for a declaratory judgment. His claim for relief, which he seeks to cast in constitutional terms, relates to a maximum four-year term imposed under the judgment of conviction which he "seeks to restore."

Section 218 of New York State's Correction Law permits the Board of Parole, with respect to a paroled prisoner who has violated the conditions of his parole, to be declared delinquent, whereupon the parolee's sentence is interrupted as of the date of such delinquency. The net effect of the law is that a parolee who is at large and serving "his sentence

outside of the prison walls"[1] receives no credit toward the sentence until he is again confined in a designated correctional institution, except that he receives credit for jail time until his return thereto.

In practical terms, what is involved in the instant case is a period of fifty-five days arising out of the following circumstances:

The petitioner, upon his conviction, was sentenced to a term of not less than two nor more than four years. The four-year maximum date was January 26, 1965. He was released on parole on January 18, 1963. On December 20, 1963, pursuant to a parole warrant, he was taken into custody for violation of parole, and the Board of Parole, pursuant to Section 218, declared him delinquent as of October 16, 1963, the date when the parole violation occurred. On January 7, 1964 he was returned to Sing Sing Prison to continue his sentence with credit for the eighteen days from December 20, 1963 (the date he was taken into custody) to January 7, 1963 (the date of his return to prison).

At issue here is the period from October 16, as of which date he was declared delinquent, which had the effect of interrupting the running of his sentence to December 20—a period of fifty-five days (after crediting him with the eighteen days of detention). Thus he contends that he should be released on his original maximum date, January 26, 1965, whereas the Board contends that by reason of the interruption brought about by the petitioner's own conduct, the correct date is now March 22, 1965.

■ The application must be denied. Here involved is the construction of New York State's Correction Law. Petitioner has sought no review of the action of the Board under New York State's procedure where such a remedy is available. In People ex rel. Dote v. Martin,[2] the Court of Appeals, contrary to petitioner's contention, not only held a parolee "is not entitled to credit for the time which elapsed between the date of his delinquency as fixed by the Parole Board and the date when he was returned to prison," but also that he was not barred "from challenging in the future the continuance of such custody after the expiration of service of the maximum terms of imprisonment * * *."

■ Next, even assuming arguendo that petitioner alleges (and this is not altogether clear) that the statute is unconstitutional under the due process clause of the Fourteenth Amendment in allowing an interruption of sentence for the period that the parolee is still at large and serving his sentence outside the prison walls, there is no basis for relief. First, petitioner concedes that according to his own calculation the maximum expiration date is January 26, 1965. He is thus still legally detained by the State authorities. If detained beyond that date he may test in the State Courts the validity of his continued detention by appropriate habeas corpus proceedings there. See People ex rel. Bryant v. Zimmerman.[3]

The application is denied and the petition is dismissed upon the merits.

1. People ex rel. Rainone v. Murphy, 1 N.Y.2d 367, 373, 153 N.Y.S.2d 21, 26, 135 N.E.2d 567, 571 (1956).

2. 294 N.Y. 330, 333–334, 62 N.E.2d 217, 218 (1945). See also, Railroad Comm'n of Texas v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941).

3. 241 N.Y. 405, 150 N.E. 497, 43 A.L.R. 909 (1926), aff'd sub nom. New York ex rel. Bryant v. Zimmerman, 278 U.S. 63, 49 S.Ct. 61, 73 L.Ed. 184 (1928).