## THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* CHARLES YOULIO, Respondent.

*Crimes — assault — refusal of entire request to charge proper where erroneous in part — possible erroneous reception of evidence of plea of guilty on arraignment disregarded in view of other statements of defendant.*

1. A refusal to charge, in a criminal trial, that it is for the jury to determine whether two witnesses for the People were accomplices is proper where there would be no justification for such a finding as to one of them.

2. Assuming that evidence of a plea of guilty by defendant on arraignment was improperly received for the reason that he had not been informed of his rights before being asked to plead, in view of other statements voluntarily made by defendant upon the arraignment of his alleged associates, the error may be disregarded.

*People* v. *Youlio*, 214 App. Div. 793, reversed.

(Argued March 30, 1926; decided May 25, 1926.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered October 23, 1925, which reversed a judgment of the Orange County Court convicting the defendant of the crime of assault in the second degree and granted a new trial.

*Elmer H. Lemon, District Attorney,* for appellant.
*Henry Hirschberg* for respondent.

*Per Curiam.* The defendant was convicted in the County Court of Orange county of the crime of assault in the second degree. The judgment thereafter entered was reversed by the Appellate Division — not on the facts which were amply sufficient to justify the verdict — but for two alleged errors of the trial court.

1. The trial judge was requested to charge the jury that it was for them to determine on all the facts in the case whether or not the People's witnesses Smith and Feo were accomplices in the alleged assault; if so, their testimony required corroboration. There was a refusal and an exception. Whatever may be said of Feo, there would be no justification for such a finding as to Smith. Therefore the request was properly refused.

2. The defendant was arraigned before the recorder of the city of Newburgh and was held to await the action of the grand jury. Without being informed of his rights he was asked to plead and he pleaded guilty. Evidence to this effect was given by the recorder over objection and exception. It is said that this was error. Assuming this to be so, in view of other statements voluntarily made by the defendant upon the arraignment of his alleged associates, the error, if such there was, may well be disregarded.

The order of the Appellate Division should be reversed and the judgment of the County Court affirmed.

HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur.

Judgment accordingly.