THE PEOPLE OF THE STATE OF NEW YORK ex rel. FRANCIS KELLEY, Appellant, v. WILLIAM HUNT, as Warden of Attica State Prison, Attica, N. Y., Respondent.— Order affirmed, without costs of this appeal to either party. Memorandum: By virtue of the conditions annexed to the Governor's commutation of relator's definite sentence, the appellant became subject to the jurisdiction of the Board of Parole, as provided in section 218 of the Correction Law. (*People ex rel. Ross* v. *Wilson*, 275 N. Y. 169; *People ex rel. La Fortuna* v. *Brophy*, 253 App. Div. 871; affd., 278 N. Y. 640; *People ex rel. Ross* v. *Lawes*, 242 App. Div. 638.) Appellant is not entitled to have a jury pass upon the question as to whether he had violated the conditions of his parole. (*People ex rel. Kurzynski* v. *Hunt*, 250 App. Div. 378.) All concur. (The order dismisses a writ of habeas corpus and remands relator into custody.) Present — Sears, P. J., Crosby, Lewis, Taylor and Dowling, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. JACK KENNEDY, Alias HOLIDAY, Appellant, v. WILLIAM HUNT, Warden of Attica State Prison, Attica, N. Y., Respondent.— Order affirmed, without costs of this appeal to either party. Memorandum: That the relator "competently and intelligently" waived his constitutional right to counsel when he pleaded guilty is sufficiently established by the evidence. If the fact were otherwise, the defect was cured when relator, though represented by counsel, failed to raise the question when the sentence complained of was imposed upon him. Having pleaded guilty, the relator was not entitled to be confronted with the complainant. Nor was he entitled as of right to an inspection of the check he had forged. (See Code Crim. Proc. § 8; *Pierson* v. *People*, 79 N. Y. 424, 429; *Johnson* v. *Zerbst*, 304 U. S. 458, 465; *People* v. *Abetti*, 31 N. Y. Crim. Rep. 168, 173; *People* v. *Youlio*, 243 N. Y. 519, 520; *Saylor* v. *Sanford*, 99 F. [2d] 605, 606, 607; *People ex rel. Romano* v. *Brophy*, 280 N. Y. 181; Code Crim. Proc. § 355; Id. § 354, subd. 1; *People* v. *Earing*, 71 Misc. 615, 619.) All concur. (The order dismisses a writ of habeas corpus and remands relator into custody.) Present — Sears, P. J., Crosby, Lewis, Taylor and Dowling, JJ.