THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM HARRISON, Relator, v. JOSEPH WILSON, as Warden of Great Meadow Prison, Comstock, New York, Respondent.

Supreme Court, Special Term Washington County, August 27, 1941.

*William Harrison*, relator, in person.

*John J. Bennett, Jr., Attorney-General* [*Bernard Alderman, Assistant Attorney-General*, of counsel], for the respondent.

*John P. Donohue, District Attorney, Putnam County*, for the People of the State of New York.

LAYDEN, J. The relator was arraigned before the county judge of Putnam county on February 17, 1941, on an indictment charging him with the crime of forgery in the second degree. Upon his plea of guilty he was remanded until February 24, 1941, for sentence. On this latter date he was sentenced to a term of not less than two nor more than ten years in Sing Sing Prison. In this proceeding he claims that at the time of his arraignment he was not advised as to his right to counsel and was not asked by the court whether he desired counsel, as required by section 308 of the Code of Criminal Procedure. Because of this alleged omission on the part of the sentencing court his contention is that the court was without jurisdiction and that the judgment of conviction is void.

It appears from the affidavit filed by the district attorney of Putnam county that the relator is correct in his contention that he was not advised as to his right to counsel prior to the time that he pleaded guilty. This was a fatal defect in the proceeding. (See *People ex rel. Moore* v. *Hunt*, 258 App. Div. 24, and *Johnson* v. *Zerbst*, 304 U. S. 458.)

In the first of these cases the court said (at p. 28): " It seems to me clear that the defendant is entitled to be informed of his right to counsel upon arraignment just as absolutely as at any other step of the proceedings. Certainly for a defendant his plea is or may be the most critical step in the whole matter. I see no reason why the substance of section 188 of the Code of Criminal Procedure, so far as it directs that the defendant be informed of his right to the aid of counsel, should not be held to apply to his arraignment before a court after indictment as well as to the proceedings before a magistrate or a coroner."

Certainly if there had been no further proceedings before the sentencing court the contention of the relator would have to be upheld.

The respondent alleges, however, and the record bears out this allegation, that on the 24th day of February, 1941, and previous to sentence, the relator was asked by the court if he desired counsel and he stated that he did not. Relying upon *People ex rel. Kennedy* v. *Hunt* (257 App. Div. 1039) the district attorney and the respondent now claim that this latter proceeding cured whatever defect existed herein prior to that time. To my mind the circumstances herein and those existing in *People ex rel. Kennedy* v. *Hunt* (*supra*), are not sufficiently similar to warrant the application of the *Kennedy* case here. In the *Kennedy* case the relator previous to his sentence had the benefit of the advice of counsel. Here, although the relator was advised of his privilege in this respect, he did not avail himself thereof, and, therefore, was without the benefit of counsel at every stage of the proceeding. That he chose not to avail himself of the privilege accorded does not to my mind now work to his disadvantage. At no time did the relator " competently and intelligently " waive the rights which were granted to him by the Constitution and statutes of this State.

The relator might very well have reason to feel that when he was advised of his right to counsel that no benefit could accrue to him at that time, because of his previous plea of guilty.

The holding of the court in *People ex rel. Kruger* v. *Hunt* (257 App. Div. 917) can have no application here, in so far as the presumption of regularity prevailing, because it definitely appears,

not only from the relator's statement, but also from the affidavit submitted by the district attorney, that no advice was given to the relator as to his rights to counsel until just previous to the sentence, which was some seven days after his arraignment and plea of guilty.

An order may be submitted providing that the relator be remanded to the custody of the sheriff of Putnam county to be held for further proceedings under the indictment charging him with the crime of forgery in the second degree.