## NEW YORK ex rel. WHITMAN v. WILSON, WARDEN.

No. 72. Argued February 1, 1943.—Decided April 12, 1943.

*Mr. Charles E. Hughes, Jr.,* with whom *Mr. Curtiss E. Frank* was on the brief, for petitioner.

*Mr. Bernard L. Alderman,* with whom *Messrs. Nathaniel L. Goldstein,* Attorney General of New York, *Orrin G. Judd,* Solicitor General, and *Wendell P. Brown,* Assistant Attorney General, were on the brief, for respondent.

Per Curiam.

Petitioner began this proceeding by an application for a writ of habeas corpus in the Supreme Court of the State

of New York, Washington County. He alleged that his conviction had been procured through the use of perjured testimony knowingly used by the prosecution, and that under *Mooney* v. *Holohan*, 294 U. S. 103, his commitment was in deprivation of his constitutional rights under the Due Process Clause of the Fourteenth Amendment. The writ of habeas corpus was dismissed by the Supreme Court; its order was affirmed by the Appellate Division, 263 App. Div. 908, 32 N. Y. S. 2d 29; leave to appeal to the Court of Appeals was denied by both the Appellate Division and the Court of Appeals. 263 App. Div. 924, 32 N. Y. S. 2d 1023; 287 N. Y. 856, 40 N. E. 2d 649. We granted certiorari, 317 U. S. 615, and, because petitioner was a poor person without counsel of his own selection, we appointed counsel to represent him. Since the argument in this Court, the Court of Appeals has entered a further order dismissing petitioner's attempted appeal to that court as of right, stating that "the case is one where appellant is not entitled to a writ of habeas corpus under Section 1231" of the New York Civil Practice Act. 290 N. Y. 670.

In his brief and argument in this Court, the Attorney General of the State of New York, on respondent's behalf, took the position that New York law makes the writ of habeas corpus available to test the constitutional validity, under the Due Process Clause, of petitioner's detention. In support of this contention, the Attorney General relied upon a number of cases in the New York courts, which appear to sustain his position. *People ex rel. Moore* v. *Hunt,* 258 App. Div. 24, 16 N. Y. S. 2d 19; *People ex rel. Harrison* v. *Wilson,* 176 Misc. 1042, 29 N. Y. S. 2d 809; *People ex rel. Kruger* v. *Hunt,* 257 App. Div. 917, 12 N. Y. S. 2d 167; *People ex rel. Kennedy* v. *Hunt,* 257 App. Div. 1039, 13 N. Y. S. 2d 797.

After the oral argument in this Court, the Court of Appeals on March 4, 1943, decided the case of *Lyons* v. *Gold-*

*stein,* 290 N. Y. 19. It there held that, despite the lapse
of time, a state court in which a judgment of conviction
has been entered retains jurisdiction, analogous to the
common law jurisdiction upon writ of error coram nobis,
to set aside the conviction on a showing that a plea of
guilty had been obtained by fraud and misrepresentation
on the part of a prosecuting official. The opinion rests
in part on the requirement of the Due Process Clause
that a prisoner be granted a hearing on the merits of such
a contention; it cites *Mooney* v. *Holohan, supra,* and also
*Walker* v. *Johnston,* 312 U. S. 275, and *Waley* v. *Johnston,* 316 U. S. 101, 104–05, in which this Court sustained
the use in the federal courts of habeas corpus to that end.
The opinion does not expressly consider or otherwise
allude to the question whether, under New York practice,
habeas corpus may be used as either an alternative or a
cumulative remedy in such a case.

In his latest submission to us, the Attorney General
now contends that, in the light of the decision in *Lyons* v.
*Goldstein, supra,* the remedy by a proceeding coram nobis
in the court where the judgment of conviction was entered
(here the Court of General Sessions, New York County) is
exclusive; and that habeas corpus accordingly is not available to petitioner in the state courts, even if on the merits
petitioner has set forth a prima facie case. Petitioner
takes the contrary position.

If habeas corpus is not an appropriate remedy under the
state law, the present proceeding must be dismissed. But
we are unable to decide this question with finality, or to
resolve the contentions with respect to it, in advance of a
controlling decision of the New York courts. In view of
the changed situation resulting from the decision in *Lyons*
v. *Goldstein* after we granted certiorari, we think it appropriate to vacate the judgment and to remand the cause
to the state court for its determination in the light of that
decision, and for such further or other proceedings as may

be deemed advisable. *Patterson* v. *Alabama,* 294 U. S. 600, 607; *Missouri ex rel. Wabash Ry. Co.* v. *Public Service Comm'n,* 273 U. S. 126, 131; *State Tax Comm'n* v. *Van Cott,* 306 U. S. 511, 515–16; *Villa* v. *Van Schaick,* 299 U. S. 152.

*So ordered.*

MR. JUSTICE RUTLEDGE took no part in the consideration or decision of this case.

MR. JUSTICE FRANKFURTER:

Petitioner's claim is that the State of New York has denied him the right which, according to our decision in *Mooney* v. *Holohan,* 294 U. S. 103, is his under the Constitution of the United States. As in the *Mooney* case, "Petitioner urges that the 'knowing use' by the State of perjured testimony to obtain the conviction and the deliberate suppression of evidence to impeach that testimony constituted a denial of due process of law. Petitioner further contends that the State deprives him of his liberty without due process of law by its failure, in the circumstances set forth, to provide any corrective judicial process by which a conviction so obtained may be set aside." 294 U. S. at 110.

Unless I misapprehend the controlling decisions of the New York Court of Appeals and the authoritative commentary thereon by the Chief Judge of that Court, in a submission before us, New York recognizes the right which petitioner seeks to vindicate here by providing a procedure for asserting it different from that which petitioner has pursued. Petitioner has sought to prove his claim in the New York courts through the writ of habeas corpus. But § 1231 of the New York Civil Practice Act, providing that "a person is not entitled to" habeas corpus "where he has been committed or is detained by virtue of the final judgment or decree of a competent tribunal of civil or criminal jurisdiction," does not allow the use of

the writ to raise such a claim. That writ in New York merely tests the legality of a detention according to the face of the record. As, for instance, where one under sentence is transferred from a reformatory to a state prison and there detained under a void order, *People ex rel. Saia* v. *Martin,* 289 N. Y. 471, 46 N. E. 2d 890, or where a relator is held in custody under the provisions of a statute claimed to be unconstitutional. See *People ex rel. Bryant* v. *Zimmerman,* 241 N. Y. 405, 150 N. E. 497; 278 U. S. 63. New York recognizes the constitutional duty to provide a remedy for such a claim as arises under the doctrine of *Mooney* v. *Holohan, supra.* But New York's remedy for testing such a claim is not by habeas corpus but by appropriate motion before the court in which the sentence of conviction was rendered. *Lyons* v. *Goldstein,* 290 N. Y. 19, 25, 47 N. E. 2d 425.

Since the argument in this case, the New York Court of Appeals formally dismissed petitioner's appeal to that court from the order of the Appellate Division denying him habeas corpus, on the ground that "the case is one where appellant is not entitled to a writ of habeas corpus under Section 1231 of the Civil Practice Act." But inasmuch as "the constitutional questions which appellant asked the court to review are substantial," to use the language of Chief Judge Lehman, he could, under New York practice, have gone to the Court of Appeals as of right if habeas corpus were the proper remedy. The merits of petitioner's constitutional claim have therefore never been passed on by, because never presented in an appropriate proceeding to, the highest available New York court. Consequently, it cannot be entertained here. Since petitioner has misconceived the mode by which his constitutional claim may properly be brought before the New York courts, this petition should be dismissed.

MR. JUSTICE ROBERTS and MR. JUSTICE REED join in this opinion.