In the Matter of VERNON A. MORHOUS, as Warden of Great Meadow Prison, Petitioner, against SUPREME COURT OF THE STATE OF NEW YORK, Particularly Any Trial or Special Term in and for Washington County, et al., Respondents.

Third Department, March 15, 1944.

*Nathaniel L. Goldstein, Attorney-General,* for petitioner.

*Charles E. Hughes, Jr.,* attorney for respondent R. Gordon Whitman.

*Per Curiam.* Respondent Whitman is confined in Great Meadow Prison under a sentence imposed in 1931 by the Court of General Sessions of New York County, following a trial and conviction for manslaughter, first degree.

In 1941 he obtained a writ of habeas corpus alleging in his petition matters to which reference will be made later. The Special Term of the Supreme Court (Lawrence, J.) dismissed the writ, and that order was affirmed by this court (*People ex rel. Whitman* v. *Wilson,* 263 App. Div. 908). Later we denied leave to appeal to the Court of Appeals (263 App. Div. 924). The Court of Appeals likewise denied leave to appeal (287 N. Y. 856) and also dismissed an appeal taken as of right (290 N. Y. 670).

Thereafter respondent applied to the United States Supreme Court for a writ of certiorari. The court granted that writ (*New York ex rel. Whitman* v. *Wilson,* 317 U. S. 615), and also granted leave to proceed *in forma pauperis* and assigned Charles E. Hughes, Jr., as counsel. Later the United States Supreme Court vacated the dismissal of habeas corpus as ordered by the courts of this State and remitted the matter to the Supreme Court of this State for adjudication as to the appropriate remedy (318 U. S. 688). Thereafter the State Attorney-General, on behalf of the warden, moved to dismiss the proceeding for the writ of habeas corpus. The Supreme Court, Saratoga Special Term (Brewster, J.) denied such application. Thereupon the warden and the People of the State appealed to this court. On March 15, 1944, such appeal was dismissed. (*People ex rel. Whitman* v. *Morhous,* 267 App. Div. 935.)

The Attorney-General is now applying to this court, under article 78 of the Civil Practice Act, for an order in the nature of prohibition to prevent the Supreme Court from trying and deciding the issues of fact arising in the habeas corpus proceeding. It is the contention of the Attorney-General that the court has no jurisdiction to determine the questions raised by the petition in that proceeding.

The petition for habeas corpus alleges three principal grounds of contention that petitioner's detention under the judgment of conviction deprives him of liberty without due process of law

in violation of the Fourteenth Amendment to the Constitution of the United States. They are:

(1) That he was convicted through perjured testimony, knowingly used by the prosecution; (2) that testimony in his favor was suppressed by the prosecutor; and (3) that newspaper articles containing a malicious falsehood that he had previously murdered an officer of the law in West Virginia were unlawfully used before the jury.

Concededly, such petitioner's allegations make a *prima facie* showing of denial of due process sufficient to have entitled him to a hearing under some form of corrective procedure. Such conclusion is indicated by decisions of the Supreme Court of the United States in *Mooney* v. *Holohan* (294 U. S. 103, 112–113) and *Pyle* v. *Kansas* (317 U. S. 213).

These cases establish that a State court judgment of conviction is open to attack under the Fourteenth Amendment if the State either fails to provide an adequate corrective judicial process or refuses properly to apply it in circumstances such as those which are here alleged.

The Attorney-General now contends that under the practice prevailing in this State a remedy is provided; that such remedy is the *coram nobis* procedure indicated in *Matter of Lyons* v. *Goldstein* (290 N. Y. 19), and that such remedy is exclusive.

The writ of habeas corpus has been from earliest times in the judicial history of this State the traditional method of invoking constitutional guarantees of liberty. In *Hoff* v. *State of New York* (279 N. Y. 490, 492) the Court of Appeals said: " The writ of habeas corpus is the process devised centuries ago for the protection of free men. It has been cherished by generations of free men who had learned by experience that it furnished the only reliable protection of their freedom. The right of persons, deprived of liberty, to challenge in the courts the legality of their detention is safeguarded by the Constitution of the United States and by the Constitution of the State. The Legislature could not deprive any person within the State of the privilege of a writ of habeas corpus. (N. Y. Const. art. I, § 4)." (See, also, *People ex rel. Tweed* v. *Liscomb*, 60 N. Y. 559.)

We are convinced that *coram nobis*, even if available here, is not the exclusive remedy for imprisonment in violation of constitutional rights, and that the ancient right of habeas corpus is an appropriate remedy.

The application for an order in the nature of prohibition is denied as a matter of law and not in the exercise of discretion.

HILL, P. J., BLISS, HEFFERNAN and SCHENCK, JJ., concur; BREWSTER, J., taking no part.

Motion under article 78 of the Civil Practice Act for an order in the nature of prohibition.

Motion denied as a matter of law and not in the exercise of discretion.