**DAVIS v. SMYTH, Superintendent of Virginia State Penitentiary.**

No. 5466.

Circuit Court of Appeals, Fourth Circuit.

April 8, 1946.

W. A. Hall, Jr., of Richmond, Va., for appellant.

M. Ray Doubles, Asst. Atty. Gen., of Virginia (Abram P. Staples, Atty. Gen., of Virginia, on the brief), for appellee.

Before SOPER and DOBIE, Circuit Judges, and TIMMERMAN, District Judge.

SOPER, District Judge.

This appeal was taken from an order of the District Court of the United States for the Eastern District of Virginia whereby the petition of a prisoner in the Virginia State Penitentiary for writ of habeas cor-

4

pus was denied on the ground that he had not exhausted his state remedies to secure his release in that he had not appealed to the Supreme Court of the United States or petitioned it for a writ of certiorari to review the action of the state courts of which he complains.

On January 22, 1936 the appellant pleaded guilty to the charge of housebreaking and larceny in the Circuit Court of Pittsylvania County of Virginia and was sentenced to a term of two years in the state penitentiary. On February 24, 1936 he was convicted of felonious assault with deadly weapons after a jury trial in the Circuit Court of Franklin County, Virginia, and was sentenced to eight years in the state penitentiary. Subsequently, during the term of his sentence, he escaped from a state convict road force on three occasions and in each instance was recaptured and convicted of the crime of escape and sentenced to one year in the penitentiary.

A controversy has arisen as to when the sentences thus imposed expire if it be assumed that they were valid; but we need not consider this question since even in the view taken by the prisoner the sentences, if valid, would not expire until May 12, 1946. Our attention is confined to the contention that the sentence of eight years imposed by the Circuit Court of Franklin County was invalid under the Fourteenth Amendment to the Federal Constitution in that at the trial of the case the appellant was denied adequate representation by counsel in his defense. It is admitted that counsel was appointed by the state court to defend him, but it is charged that the appointment was not made until the day of the arraignment and that the trial proceeded without opportunity to counsel to confer sufficiently with the prisoner and to make preparation for his defense. More specifically it is charged that counsel failed to make the defense that the indictment was invalid and failed to ask for a continuance in order that witnesses, who could establish the defendant's innocence, might be summoned to testify in his behalf. In short, the charge is made that the prisoner was denied the fundamental right guaranteed by the due process clause of the Fourteenth Amendment to have the aid of counsel for his defense including the right to have sufficient time to confer with counsel and to prepare a defense in accordance with the rule laid down in Powell. v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R.

527, Tompkins v. Missouri, 323 U.S. 485, 65 S.Ct. 370, and Williams v. Kaiser, 323 U.S. 471, 65 S.Ct. 363.

These charges were brought to the attention of the Law and Equity Court of the City of Richmond by allegations in a petition for writ of habeas corpus filed in March, 1945. There were additional allegations in the petition and also in a replication supported by affidavits subsequently filed, which included the charges that the prosecution desired to appease the wife of the person named in the indictment as the one assaulted by the prisoner; that the indictment did not clearly indicate the crime for which the petitioner was tried and had been improperly amended by the prosecutor without the consent of the Grand Jury; that the judge was prejudiced; that the attorney appointed to defend petitioner was a personal friend of the assaulted man and was incompetent; that the prosecutor was unfair in his trial of the case and that the conviction was obtained upon perjured testimony. These charges were in addition to those which related to the improper and ineffective action of the counsel assigned to the prisoner during the trial. The judge of the court issued a rule upon the superintendent of the state penitentiary, the appellee in the instant case, requiring him to show cause, if any he had, why the writ should not issue. An answer was duly filed supported by affidavits in which the allegations of the petition were denied. Upon the pleadings and affidavits the court discharged the rule to show cause and declined to issue a writ of habeas corpus for the stated reason that the petitioner had failed to show probable cause that he was detained in the penitentiary without lawful authority. The appellant then applied to the Supreme Court of Appeals of Virginia for writ of error to the action of the Law and Equity Court of the City of Richmond but the court denied the application and affirmed the judgment with the statement that the judgment had been maturely considered and the transcript of record had been seen and inspected and that the court was of the opinion that the judgment below was plainly right. Thereupon the appellant, without taking an appeal to the Supreme Court of the United States and without applying for a writ of certiorari to that court to review the action of the state courts, filed a petition for writ of habeas corpus in the federal district court from whose order the present appeal has been taken.

It is clear to us that the order appealed from should be sustained for the reason given by the District Judge. It is a principle firmly established that in view of the relations between the courts of the nation and the courts of the states, the federal courts will not interfere with the regular course of procedure under state authority upon the petition of one who claims that he is restrained of his liberty under a state commitment in violation of a federal constitutional right until the petitioner has exhausted the corrective processes of the state; and this includes the right to apply to the Supreme Court of the United States for relief. The applicable rules have been summarized by the Supreme Court in White v. Ragen, 324 U.S. 760, 65 S.Ct. 978, where, as here, the burden of the complaint was that the prisoner had been denied the effective assistance of counsel at his trial. The court said (pages 763-765 of 324 U.S., at pages 980, 981 of 65 S.Ct.):

" * * * We have many times repeated that not only does due process require that a defendant, on trial in a state court upon a serious criminal charge and unable to defend himself, shall have the benefit of counsel, compare Williams v. Kaiser [323 U.S. 471, 65 S.Ct. 363], Tompkins v. Missouri, 323 U.S. 485, 65 S.Ct. 370, and Rice v. Olson, 324 U.S. 786, 65 S.Ct. 989, with Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595, but that it is a denial of the accused's constitutional right to a fair trial to force him to trial with such expedition as to deprive him of the effective aid and assistance of counsel. Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527; Avery v. Alabama, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377; Ex parte Hawk, 321 U.S. 114, 115, 116, 64 S.Ct. 448, 449, 88 L.Ed. 572; House v. Mayo [324 U.S. 42, 65 S.Ct. 517]. And we have often pointed out that a conviction, secured by the use of perjured testimony known to be such by the prosecuting attorney, is a denial of due process. Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 76 L.Ed. 791, 98 A.L.R. 406; Pyle v. Kansas, 317 U.S. 213, 63 S.Ct. 177, 87 L.Ed. 214; cf. New York ex rel. Whitman v. Wilson, 318 U.S. 688, 63 S.Ct. 840, 87 L.Ed. 1083. It follows that the allegations of fact in the petitions are sufficient to make out prima facie cases of violation of these constitutional rights of petitioners, sufficient to invoke corrective process in some court, and in the federal District Court if none is afforded by the state.

"The availability of such a remedy in the federal District Court, turning as it does on the exhaustion of state corrective processes, see Mooney v. Holohan, supra; Ex parte Hawk, supra, 321 U.S. 116, 117, 64 S.Ct. 449, 450, 88 L.Ed. 572, may also depend upon an application to this Court to review the decision of the state court, and upon the disposition of such an application here. Where the highest state court in which a decision could be had, considers and adjudicates the merits of a petition for habeas corpus, state remedies, including appellate review, are not exhausted so as to permit the filing of a petition for habeas corpus in a federal District Court, unless the federal question involved is presented to this Court on certiorari or appeal from the state court decision. Ex parte Hawk, supra, 321 U.S. 116, 117, 64 S.Ct. 449, 88 L.Ed. 572.

"If this Court denies certiorari after a state court decision on the merits, or if it reviews the case on the merits, a federal District Court will not usually re-examine on habeas corpus the questions thus adjudicated. Ex parte Hawk, supra, 321 U.S. 118, 64 S.Ct. 450, 88 L.Ed. 572. But where the decision of the state court is that the remedy of habeas corpus is not available under the state practice, or its decision is based upon some other adequate non-federal ground, it is unnecessary for the petitioner to ask this Court for certiorari in order to exhaust his state remedies, since we would lack jurisdiction to review the decision of the state court; and the denial of certiorari by this Court would not preclude a District Court from inquiring into the federal question presented to, but not considered by, the state court. See House v. Mayo, supra [324 U.S. 48], 65 S.Ct. 521 * * *."

See also, Sanderlin v. Smyth, 4 Cir., 138 F.2d 729.

The appellant suggests that he was not obliged to appeal to the Supreme Court of the United States because the state courts did not consider his petition on its merits but dismissed it on the ground that it did not measure up to the state's procedural requirements. In other words, he endeavors to show that the state decision was based on an adequate non-federal ground or at least that it is impossible to say whether it was based on a federal ground or on a state ground and therefore, as decided in Williams v. Kaiser, 323 U.S. 471, 477, 65 S.Ct. 363, it was not reviewable in the Supreme Court of the United States. The

basis of this claim seems to be that neither the Richmond court nor the Supreme Court of Appeals of Virginia heard evidence on the issue raised but disposed of the case on the petition and the answer and reply, which latter were supported by affidavits.

The procedure followed in the lower court seems to have been based upon the provisions of § 5848 of the Virginia State Code which is as follows:

"§ 5848. The writ of habeas corpus ad subjiciendum shall be granted forthwith by any circuit court or corporation court, or any judge of either in vacation, to any person who shall apply for the same by petition, showing by affidavits or other evidence probable cause to believe that he is detained without lawful authority."

We are referred to no Virginia case in which the procedural provisions of the statute have been interpreted; but it seems clear that it gives to one in confinement the right to the writ if he alleges facts which show that he is illegally restrained of his liberty and supports his allegations by affidavits or other evidence. Such a prima facie showing, as we understand the statute, entitles the petitioner to a hearing of his complaint and the court is not confined to a consideration of affidavits if an issue of fact arises but is free to receive the evidence of witnesses in open court and to make its determination as in any other controverted case. In the present instance the state court dismissed the petition upon a consideration of the written pleadings and affidavits after argument but without oral testimony, apparently holding the view that the allegations of the petition and affidavits if true, were insufficient to show that the confinement was illegal. In short, the court examined the case upon the merits and found it to be without substantial basis. The same conclusion would be reached if it be supposed that the court took into consideration the counter affidavits of the respondent and decided the factual issue against the prisoner.

It is not our province on this appeal to decide whether the allegations of the petition, if true, were sufficient to show that the prisoner was deprived of the efficient assistance of counsel in violation of his constitutional rights or whether, since the allegations of the petition were denied, the court should have made its determination after hearing witnesses in open court. It is sufficient to point out that neither the Richmond court nor the Supreme Court of the state dismissed the petition on any state ground but each of them examined the record and considered the case on its merits and held that the prisoner was not illegally restrained of his liberty. In so doing both courts necessarily passed upon the federal question raised by the prisoner's petition. His failure to seek a review of their decision on that question in the Supreme Court of the United States required the dismissal of the petition filed by him in the federal District Court.

Affirmed.