THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ANTHONY DE BERNARDO, Defendant.

County Court, Bronx County, May 1, 1950.

*John H. Schulze* for defendant.

*George B. De Luca, District Attorney (John B. Lee* of counsel), for plaintiff.

JOSEPH, J. The defendant moves, in a *coram nobis* proceeding, for an order vacating and setting aside the judgment of conviction entered against him, in this court, on November 30, 1928, for having and carrying a revolver, after a previous con-

viction of crime, in violation of section 1897 of the Penal Law.

In support of his application, the defendant, a third-felony offender, presently confined in Dannemora Prison under a judgment of another court, urges four grounds as a basis for the relief sought. *First:* The contention is advanced that the defendant was without counsel when he was arraigned for pleading on the indictment filed against him, and that he was not advised, at that time, of his right to legal assistance either by the clerk or the court as required by law. *Second:* It is urged by the defendant that the clerk likewise failed to comply with the provisions of section 480 of the Code of Criminal Procedure at the time judgment was imposed upon him. This ground was not set forth in the original moving papers and was advanced, for the first time, by the defendant in his replying affidavit. *Third:* It is claimed that the revolver in question, the possession of which formed the basis of the charge herein, was unfit to be used as a firearm by reason of a defect in its mechanism; that its possession did not come within the prohibition of section 1897 of the Penal Law and the Grand Jury had no legal right to find an indictment upon the evidence submitted by the People. *Fourth:* The defendant further contends that the incompetency of his counsel, in permitting him to plead guilty to a charge which could not be legally sustained by the District Attorney, deprived him of his constitutional right to " due process ".

The defendant was indicted on October 30, 1928, charged with a violation of section 1897 of the Penal Law, after a previous conviction of crime. It is undisputed that prior to the filing of the indictment herein, the defendant had been convicted, in this court, of the crime of unlawful entry and was thereafter committed to the New York City Reformatory.

On November 2, 1928, when arraigned for pleading, on the instant indictment, the defendant interposed a plea of not guilty. Thereafter, on November 22, 1928, he withdrew this plea and entered a plea of guilty to the indictment and on November 30, 1928, he was committed to the Elmira Reformatory by Hon. ALBERT COHN, then a Judge of this court.

With respect to the first point raised by the instant application, the minutes of the proceedings, at the time of the defendant's arraignment for pleading, are unavailable due to the demise of the stenographer who officiated therein. It appears, however, on the face of the indictment, in the space indicated for the insertion of the name of counsel, that the name " Wm. F. Breidenbach " was indorsed therein by the clerk.

In his moving papers, the defendant made no mention of this attorney and asserted that one John H. Fetzer, Jr., was retained by his family and represented him, in this court on the occasion when he pleaded guilty to the indictment. However, in his replying affidavit, after this significant variance was raised as an issue of credibility by the District Attorney, in his answering papers, the defendant now alleges that Mr. Breidenbach, an associate of Mr. Fetzer, was the attorney who appeared in his behalf when he pleaded guilty to the indictment.

The affidavit of Mr. Breidenbach, submitted herein by the defendant, is negative in nature and sheds no light on the question as to whether he was present, in court, when the defendant was arraigned for pleading, on November 2, 1928, or whether he represented him in the subsequent proceedings had against the defendant in this court. He merely states that he has no present independent recollection of the case except that he was in partnership with Mr. John H. Fetzer, Jr., now deceased, at the time the defendant was proceeded against in this court.

In urging a favorable determination of his first contention, the defendant relies principally upon the ruling in *Matter of Bojinoff* v. *People* (299 N. Y. 145). The *Bojinoff* case, however, is inapplicable to the facts in the instant matter. At the outset, it must be noted that the defendant Bojinoff was without benefit of counsel at all stages of the proceedings had against him in the Monroe County Court, whereas the defendant De Bernardo concedes that he was represented by counsel when he pleaded guilty to the indictment. That fact alone would be sufficient to cure the defect, if any, that existed in the proceedings now attacked. (*People* v. *Markowitz,* 119 App. Div. 841, affd. 189 N. Y. 562; *People ex rel. Kennedy* v. *Hunt,* 21 N. Y. S. 2d 302, affd. 257 App. Div. 1039; *Canizio* v. *New York,* 327 U. S. 82.)

Furthermore, and apart from that consideration, the *Bojinoff* case (*supra*) is not a sesame that opens the door to indiscriminate assaults upon the presumption of regularity. The ruling in that case was based upon the following pertinent facts. The Monroe County Court kept a permanent record of judgments of convictions, on a printed form, part of which read as follows: " was asked if he desired the aid of counsel to which he answered —————— ". The space allowed for the insertion of the defendant Bojinoff's answer was blank. In the face of this omission, the Court of Appeals ruled that, in view of the fact that the sentencing Judge had previously rendered an opinion, in another case, in which he stated that it was his custom to assign counsel *only* when a defendant pleaded *not guilty,* an

inference of nonconformance with section 308 of the Code of Criminal Procedure was raised as to rebut the presumption of regularity and shift the burden of compliance upon the People. (Emphasis supplied.)

In the instant case, it does not *affirmatively* appear from the records kept by this court that the defendant was without legal representation when he was arraigned for pleading or that he was not advised of his right to counsel at that time. The District Attorney has submitted the affidavit of one Louis Roos, Esq. who officiated as court clerk in the proceedings attendant upon the defendant's arraignment for pleading. Mr. Roos, who had been a clerk in this court for about four years prior to November 2, 1928, the date of pleading herein, states that he has no present independent recollection as to whether the defendant was represented by counsel on that occasion. He further states, however, that it was his usual custom and practice to inquire of each defendant, who appeared for arraignment without an attorney, whether he wished the court to assign counsel to him.

In the absence of the pertinent stenographic minutes, this court must assume, upon the basis of the indorsement on the indictment that one William F. Breidenbach, Esq., who it is contended represented the defendant in the proceedings attendant upon his conviction, appeared in person in behalf of the defendant on the date of pleading; or, in his absence, his name was given to the court clerk by the defendant, as his counsel, in response to an inquiry concerning legal representation in his behalf. In either case, the rights of the defendant were fully protected since a plea of not guilty was entered at the time.

In view of the foregoing, the defendant has failed to overcome, by clear and convincing proof, the presumption of regularity attached to his conviction and the first ground urged in support of his application has not been sustained. (*People* v. *Barber*, 276 App. Div. 1040; *People ex rel. Montagno* v. *Morhaus*, 267 App. Div. 797, affd. 292 N. Y. 678; *People* v. *Lake*, 190 Misc. 794, appeal dismissed 299 N. Y. 675; *Johnson* v. *Zerbst*, 304 U. S. 458.)

As to the second contention, the District Attorney has also submitted the affidavit of Henry L. Haffen, Esq. to the effect that he was the court clerk when the defendant was arraigned for judgment, on November 30, 1928; that he has been continuously employed as a clerk, in this court, since November 6, 1924 and that he cannot presently recall whether he complied with section 480 of the Code of Criminal Procedure at the time the defendant was arraigned for sentence; that it always was and

is his practice to inquire of each defendant, before the imposition of judgment, if he has any legal cause why judgment should not be pronounced against him according to law.

Even assuming, *arguendo,* that the clerk failed to follow the requirements of section 480 of the code, such omission would not *ipso facto* vitiate the conviction. It would merely require the recall of the defendant for the imposition of a legal judgment. (*People* v. *Nesce,* 201 N. Y. 111.) However, in the absence of conclusive proof of a noncompliance with section 480 of the Code of Criminal Procedure, this court must likewise sustain the regularity of the proceedings had against the defendant at the time of the imposition of judgment.

It is the social policy of the law in this State that possession of a firearm or dangerous weapon, resulting temporarily and incidentally from the performance of some lawful act, is not forbidden by statute. (*People* v. *La Pella,* 272 N. Y. 81; *People* v. *Persce,* 204 N. Y. 397.) The facts recited in the moving papers, however, do not permit the defendant to avail himself of this principle, although it is urged upon this court in furtherance of the third contention advanced herein. The only issue raised by that claim resolves itself into a determination of whether the revolver, in question, was a " firearm " within the meaning of section 1897 of the Penal Law.

The law is well settled that a mechanically defective pistol or revolver, incapable of ejecting bullets therefrom, cannot be made the basis of an unlawful possession of a firearm. (*People* v. *Katz,* 228 App. Div. 822; *People* v. *Thompson,* 227 App. Div. 712; *People* v. *Simons,* 124 Misc. 28; *People* v. *Boitano,* 18 N. Y. S. 2d 644.) However, the mere assertion by the defendant that the revolver, in question, was not usable as such, without the submission of any corroborative proof to sustain this averment, fails to fulfill the burden of proof imposed upon him by law.

This court is mindful of the fact that, having pleaded guilty to the indictment, the defendant is, of course, unable to offer a trial record to support his contention. The revolver, which was the subject matter of the indictment filed herein, has long since been destroyed by the property clerk of the police department. His only other available recourse would appear to be to obtain permission to inspect the minutes of the Grand Jury in order to determine whether the testimony before that body established the crime charged against him.

Although judgment has heretofore been imposed upon the defendant, and despite the restrictions of sections 314 and 315

of the Code of Criminal Procedure, this court, nonetheless, has inherent power to entertain an application for an inspection of the Grand Jury minutes for the purpose of ascertaining, in relation to the propriety of the conviction herein, whether the Grand Jury's determination was founded with due regard for the constitutional rights of the defendant. (*People* v. *Van Allen,* 275 App. Div. 181; see, also, *People* v. *Nitzberg,* 289 N. Y. 523.) Unfortunately, the Grand Jury minutes are unavailable, at this late date, even for the court's own inspection, by reason of the death of the stenographer who recorded the proceedings on that occasion.

In the absence of these minutes, the rule promulgated in *People* v. *Glen* (173 N. Y. 395) must prevail, i.e., that the indictment is presumed to be based upon legal and sufficient evidence until there is proof to the contrary. Apart from his own statement, and its veracity is dubious in view of his past criminal proclivities, the defendant has failed to submit one iota of contrary proof as would justify this court in sustaining his third contention that possession of the revolver, as alleged in the indictment, was not proscribed by law.

With respect to the fourth and last ground urged upon this court as a basis for relief, indubitably, the defendant was entitled to the conscientious services of adequate and competent counsel (*Von Moltke* v. *Gillies,* 332 U. S. 708; *Glasser* v. *United States,* 315 U. S. 60; *Powell* v. *Alabama,* 287 U. S. 45; *People* v. *McLaughlin,* 291 N. Y. 480; *People* v. *Kennedy,* 297 N. Y. 81). The test, however, is whether the alleged incompetency of his counsel deprived the defendant of his right to adequate legal representation as to make his conviction a mockery of justice. (*United States* v. *Wight,* 176 F. 2d 376; *United States ex rel. Feeley* v. *Ragen,* 166 F. 2d 976; *Jones* v. *Huff,* 152 F. 2d 14; *Diggs* v. *Welch,* 148 F. 2d 667.)

In order to sustain the defendant's fourth contention, under this test, it would have been necessary for this court to uphold the defendant's claim which forms the basis of the third ground urged in support of his application. Each is correlated to and dependent upon the other for support. It would be incompatible for this court to presume that the defendant was lawfully and properly convicted and, at the same time, sustain the imputation that his counsel denied him adequate legal protection by permitting him to plead guilty to a crime for which he was not chargeable.

Accordingly, the motion is, in all respects denied. Submit order.