Chief Judge Desmond (dissenting).
In People v. Cull (10 N Y 2d 123, 129) we pointed out that section 8 of article IV of the State Constitution “ in the clearest of language ” provides that a State Traffic Commission order limiting driving speed on a highway is not “ effective ” until filed in the office of the Secretary of State. The present appellant was convicted under such an unfiled order. The Gull decision can mean no less than that a judgment of conviction for a violation of such a never effective order is a complete nullity. It would be hard to imagine a more appropriate case for application of the coram nobis rule that a totally void criminal judgment must be set aside.
We have here no technical question as to the precise limitations of coram nobis relief. Judgments are vacated for nullity because refusal to do so is a denial of due process (Valz v. Sheepshead Bay Bungalow Corp., 249 N. Y. 122). The remedy which this State provides to avoid such unconstitutionality is a motion to vacate the judgment, that is, a coram nobis proceeding (see New York ex rel. Whitman v. Wilson, 318 U. S. 688; Matter of Morhous v. New York Supreme Court, 293 N. Y. 131; People ex rel. Carr v. Martin, 286 N. Y. 27).
The order appealed from should be reversed and the conviction of defendant vacated.
Order affirmed.