Alex Bettis **HAMMOND**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 8675.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 9, 1962.

Decided Nov. 8, 1962.

Thomas S. Word, Jr., Richmond, Va. (court-appointed), for appellant.

Marvin L. Smith, Asst. U. S. Atty. (Terrell L. Glenn, U. S. Atty., on brief), for appellee.

Before SOBELOFF, Chief Judge, SOPER, Circuit Judge, and WINTER, District Judge.

PER CURIAM.

This appeal questions whether the lower court should have afforded appellant a hearing on his motion, made under the provisions of 28 U.S.C.A. § 2255, to strike the sentence imposed upon him.

Appellant was convicted by a jury upon a multicount indictment charging him and two codefendants with violations of the Internal Revenue Liquor Laws and, on September 19, 1961, was sentenced to imprisonment of two years. Immediately thereafter, appellant pleaded nolo contendere to another charge of violating the liquor laws on another occasion and received a concurrent sentence of two years in that case. On January 21, 1962 appellant filed a motion, under 28 U.S.C.A. § 2255, to strike out his original sentence for the liquor laws violation and, together with his motion, filed a brief, incorporated by reference into the motion, in support thereof. On March 10, 1962 the lower court summarily denied the motion, stating that "it conclusively appears that the prisoner is entitled to no relief, that his various contentions are without merit and that the production of the prisoner for a hearing would serve no worthwhile purpose."

Although several grounds were advanced in support of the motion in the lower court, on appeal the only argument made is that appellant substantially alleged the knowing use of perjured testimony by the government in his liquor laws conviction, so that it was error for the lower court to deny the motion without affording appellant a hearing. The government contests whether appellant's allegations in this regard are legally sufficient to assert knowing use of perjured testimony, and advances as a second argument that, since appellant is serving a concurrent sentence of the same term, the validity of which has not been challenged, appellant had no standing in the

lower court to attack the sentence on the liquor laws conviction.

Knowing use of perjured testimony by prosecuting authorities, if sufficiently alleged, taints a conviction obtained therefrom and is a good ground for post conviction relief, Mooney v. Holahan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791 (1935); Pyle v. Kansas, 317 U.S. 213, 63 S.Ct. 177, 87 L.Ed. 214 (1942); Alcorta v. Texas, 355 U.S. 28, 78 S.Ct. 103, 2 L.Ed.2d 9 (1957); Napue v. Illinois, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959); Whitley v. Steiner, 293 F.2d 895, 896 (4 Cir.1961), cert. den. 368 U.S. 980, 82 S.Ct. 476, 7 L.Ed.2d 521 (1962); Davis v. Smyth, 155 F.2d 3 (4 Cir.1946).

In this case, however, even with due regard to the fact that the motion was drafted by someone other than an attorney,[1] we do not believe that the appellant's allegations set forth below,[2] present a case falling within the ambit of the authorities before cited, either as to the legal conclusion they seek to assert or the facts upon which that conclusion is predicated. Accordingly, we find no error in the lower court's summary denial of the motion.

In the light of our conclusion that appellant's allegations are insufficient, it is unnecessary for us to pass upon the second contention advanced by appellee.

Affirmed.

1. Reickauer v. Cunningham, 299 F.2d 170 (4 Cir. 1962); Clark v. Warden, Maryland Penitentiary, 293 F.2d 479 (4 Cir. 1961), cert. den. 369 U.S. 877, 82 S.Ct. 1149, 8 L.Ed.2d 279 (1962). See also: Reed v. United States, 291 F.2d 856 (4 Cir. 1961); and Aiken v. United States, 282 F.2d 215 (4 Cir. 1960).

2. In the brief supporting the motion, petitioner alleges:

"The transcript of testimony given by the arresting officer or officers will show beyond any doubt that your movant was not guilty as charged in the indictment, thus the only evidence presented by the government was the false and untrue testimony given by the above two alleged co-defendants. Certainly there can be no doubt that the government totally failed to produce the corpus delicti, further there was a total lack of evidence produced to collaborate the charge contained in the indictment.

"Movant alleges, that in the instant case, the government succumbed to the manifest temptation to relax, in fact refute, the dictates of 'due process' in favor of certain and malignant prosecution, in itself, to exonerate movant from the false charges contained in the indictment, the Court should have disregarded or set aside the false testimony given by so alleged co-defendants, since said testimony was given in absence of any evidence produced."